## ROBERT CHAMBERS v. JOSEPH V. SHAW.

*Wills—Construction—Interest of unborn child.*

1. A will giving to the testator's wife all his real estate, lands, tenements, etc., together with all his chattels, personal moneys, credits, etc., that shall remain after discharging his legal debts; to have and hold the same in sole possession and to enjoy the sole use and benefit thereof during the term of the legatee's natural life; provided, that any heir afterwards born shall receive out of such property or out of its proceeds or annual income all needful and proper support, maintenance and education during minority, and shall at age receive half the property, or the whole, if the legatee named be dead, is *held*, (1) to dispose of the entire estate, real and personal, without leaving any portion to be dealt with under the Statute of Descents or of Distribution; (2) to bestow it absolutely upon the wife and expected children.

2. A child unborn at its parent's death is a competent legatee under the parent's will, and its interest under the will vests at the testator's death, possession only being postponed. How. St. §§ 5529, 5546.

Error to Genesee. (Newton, J.) Oct. 18.—Oct. 31.

EJECTMENT. Plaintiff brings error. Affirmed.

*Howard & Thayer* and *Wm. H. Wells* for appellant, the bequest of a life estate in personal property endows the recipient with possessory rights ; *Proctor v. Robinson* 35 Mich. 288 ; *Patterson v. Stewart* 38 Mich. 402; and with

power to sell; *Jones v. Jones* 25 Mich. 401; *Sutphen v. Ellis* 35 Mich. 446; a bequest to a wife "to have and to hold the same in sole possession, and to enjoy the sole use and benefit thereof during the term of her natural life" does not give testamentary power; *Flanagan v. Flanagan* 8 Abb. N. C. 413; a gift of realty and personalty to a wife, for life, to be disposed of as she might think proper—if any thing remained over—did not give testamentary capacity: *Herring v. Barrow* L. R. 13 Ch. Div. 146: 14 Ch. Div. 263; the possibility of reverter of real property would not be such an expectant estate as would be descendible under the statute: *Nicoll v. N. Y. & E. R. R. Co.* 12 N. Y. 121.

*Long & Gold* for appellee, cited as to the vesting of legacies; 2 Redf. Wills 227, 232; *Howie v. Howie* 7 Paige 192; *Annable v. Patch* 3 Pick. 360; *Doe v. Provoost* 4 Johns. 61; *Hannan v. Osborn* 4 Paige 336; *Furness v. Fox* 1 Cush. 134; *Austin v. Bristol* 40 Conn. 120; *Burleigh v. Clough* 52 N. H. 267; *Blanchard v. Blanchard* 1 Allen 225; 4 Kent's Com. 202; *Roome v. Phillips* 24 N. Y. 463; *Bromfield v. Crowder* 1 New Rep. 313; *Freeborn v. Wagner* 49 Barb. 43; *White v. Howard* 52 Barb. 294; *A. B. Society v. Hebard* 51 Barb. 552; *Manice v. Manice* 43 N. Y. 368–380; *Gilman v. Reddington* 24 N. Y. 16; *Everitt v. Everitt* 29 N. Y. 75; *Toms v. Williams* 41 Mich. 552; *Post v. Hover* 33 N. Y. 593; *Oxley v. Lane* 35 N. Y. 340; *Livingston v. Greene* 52 N. Y. 118; *Embury v. Sheldon* 68 N. Y. 227.

GRAVES, C. J. Ejectment, and verdict for defendant by direction of the court.

September 17, 1860, Enoch N. Chambers died seized of the premises. He left a will, a copy of which is given below.[1] It is the same the Court had before it in *Shaw v.*

---

[1] Know all men by these presents that I, Enoch N. Chambers, of the town of Burton, county of Genesee and state of Michigan, being of sound

*Chambers* 48 Mich. 355. But there the inquiry was of a different nature, and the opinion was confined to the question. It is a misapprehension to suppose that it bears on the nature of the legal interests given to the devisees.

At the testator's death no issue had been born to him, but his wife, Mary E. Chambers, who survived him, was then pregnant, and the child, a son, was born on the twenty-third of December following. April 30, 1862, the child died, and in September of the next year Mrs. Chambers, who was childless, and remained unmarried, also died. She left a will by which she devised the premises in fee-simple absolute, and the defendant holds that title.

mind and in the full possession of my faculties, but in feeble health of body, and knowing the uncertainty of the continuance of life, and being desirous of making a certain and specific disposition of my property, do hereby declare this my last will and testament.

I give and bequeath to my wife, Mary E. Chambers, all my real estate, lands, tenements, &c., together with all my chattels, personal moneys, credits, &c., that shall remain after discharging my legal debts; to have and hold the same in sole possession and to enjoy the sole use and benefit thereof during the term of her natural life: provided, that if any heir or heirs of my body shall hereafter be born to her, such heir or heirs shall receive out of such property above named or out of the proceeds or annual income thereof, all needful and proper support, maintenance and education during the minority of such heir or heirs, and until it or they shall have attained unto legal age.

I do hereby further direct that in case of the birth and arrival at legal age of any such heir or heirs above named, such of the above-described property or of the proceeds thereof as shall remain at that time unexpended shall be then divided and given, the one-half thereof to such heir or heirs and one-half thereof to its (their) mother, said Mary E. Chambers; provided, that if the said Mary E. Chambers shall be at that time deceased, then no division of said property shall be made, but the whole thereof shall be given into and remain in the possession of such heir or heirs. And I do hereby further direct that for the more efficient execution of the above provisions, and for the purpose of securing a larger income unto, and a better support for, the said Mary E. Chambers and the said heir or heirs (if any), that the above-described property, real and personal, shall be exchanged (sold) by the administrator of this instrument for money, or (and) for interest-bearing securities, bonds, mortgages, &c., at such times and in such manner as shall be in their discretion (judgment) advisable. And I do hereby appoint Harlow Whittlesey of the town, county and state aforesaid, as executor of the provisions of this instrument in conjunction with my wife, the said Mary E. Chambers.

In testimony whereof I have hereunto set my hand and seal this eighth day of September, A. D. 1860.

ENOCH N. CHAMBERS. [L. S.]

Duly witnessed by { H. WHITTLESEY, { H. N. McALLISTER.

The husband, Enoch N. Chambers, left brothers and sisters, and the plaintiff claims that the title now in question devolves to them and did not pass by the will, and he holds and asserts that title. His position is not entirely clear. It seems to be this : that the will operated merely as a gift of the property as personalty to Mrs. Chambers for life, subject to a charge for the support of the unborn child during its minority, and subject further to the condition that in case the child should reach majority, it should take one-half of the corpus ; that the child having died during minority, and the life interest having determined, the residuary and possessory interests are in the brothers and sisters, or rather in the plaintiffs who holds their rights.

For the purpose of this case we have no occasion to review the will in all its aspects, or in reference to the contingencies which are possible.

We are not called on to define the boundary between the rights and interests of the mother and the child. We are to connect the provisions of the will with the events, and ascertain its effect on the legal title in issue. Turning to the will, the mind is immediately struck with two very significant indications, and, as there are no conflicting signs or repugnant implications, they become substantially conclusive.

*First.* The testator intended to dispose of all his estate, both real and personal. It was his purpose not to die intestate in respect to any property or any interest in any property. It was clearly not his intent to leave a remainder to be disposed of under the Statute of Descents or of Distribution. And in our opinion the provisions of the will were sufficient to carry out the intent.

*Second.* The wife and the expected child were the exclusive objects of his bounty. He referred to no one else. His mind was to give all, and to these two. That the child was competent to take is not questioned. The interest vested on the testator's death. Comp. L. §§ 4080, 4097 ;

[How. St. §§ 5529, 5546.] The possession only was postponed. The entire estate passed to the mother and child absolutely, and whether the quality or quantity which went to the one as against the other was either more or less, is not important. On the death of the child the whole centered in Mrs. Chambers, the mother, and it was subject to such disposition as she elected to make.

The result in the circuit court was therefore correct, and the judgment must be affirmed with costs The case must be' remanded, however, to enable the plaintiff to exercise his statutory right in regard to another trial.

The other Justices concurred.