DAILEY, EXECUTOR, ET AL. *v.* KUNKEL ET AL.

[No. 12,000. Filed March 31, 1925.]

1. WILLS.—*Wife's devise of certain land at death of husband does not give the latter a life estate therein.*—A devise by a wife of certain land to her children and grandchildren at the death of her husband does not give the latter a life estate therein. p. 594.

2. WILLS.—*Husband given nothing by wife's will takes one-third in fee of all undevised land notwithstanding failure to elect.*—Where a wife's will gives the husband nothing, he takes one-third in fee of all undevised lands, regardless of his failure to elect between the will and the law. p. 594.

3. WILLS.—*Husband's failure to elect between his wife's will and the statute does not affect the estate taken by him where will gives him nothing.*—A surviving husband's failure to elect between his wife's will and the law makes no difference in the interest in her estate acquired by him, as the statute in regard to election applies only when the will makes some pecuniary bequest to him. p. 594.

4. WILLS.—*Devise to married daughter to remain in her own name during her lifetime held to devise a fee.*—A devise to a married daughter "to remain in her name during her lifetime" *held* to devise a fee where the will divided the testatrix' land among her children and grandchildren and contained no provision limiting the interest any devisee was to take. p. 595.

5. WILLS.—*Evidence as to lands owned by a testatrix at the time of her death and its location held proper when will attacked for indefiniteness and uncertainty.*—In a proceeding by an executor to sell real estate to pay his decedent's debts, where cross-complainant set up the will of decedent's wife under which he claimed title to the land sought to be sold, claiming that the will gave him only a life estate, and the plaintiff attacked the will as indefinite and uncertain, evidence as to the lands owned by his wife at the time of her death and its location was proper. p. 596.

From Wells Circuit Court; *Frank W. Gordon*, Judge.

Proceeding by Charles G. Dailey, executor of the will of Calvin Kunkel, to sell real estate to pay debts, to which Mae Kunkel and other heirs were made parties. One of the heirs and her husband filed a cross-complaint asking that the land be partitioned among the heirs. From a judgment awarding partition and denying plaintiff's petition, the executor and cross-defendants appeal. *Reversed.*

*Abram Simmons, Charles G. Dailey* and *Virgil M. Simmons*, for appellants.

*Eichhorn & Edris*, for appellees.

THOMPSON, J.—This is an action brought by the appellant as executor of the last will and testament of Calvin Kunkel, deceased, to sell real estate to pay debts of the decedent. To this petition, answers were filed by all of the parties and there was also a cross complaint filed by Nellie Smith and her husband, in which cross complaint, they alleged that Sarah Kunkel died the owner of the real estate and that, by the terms of her will, she devised said real estate to her children and

grandchildren named in said will, and they asked, in their cross-complaint, that said real estate be partitioned among the children and grandchildren of Sarah Kunkel, deceased, and they further alleged that said real estate was not susceptible of partition and could not be divided, and they asked that a commissioner be appointed to sell same and divide the proceeds among the owners according to their respective interests.

The record discloses that Sarah Kunkel died testate and the only provisions of her will touching upon the questions here involved are as follows:

"Item 1. I give and bequeath unto my dear children and grand-children at the death of my beloved husband, Calvin Kunkel, the following real estate consisting of thirty-five (35) acres of land situated in Lancaster township, Wells county, Indiana, apportioned as follows:

"First: I bequeath unto my dear son Charles Kunkel, five (5) acres of land.

"Second: I bequeath unto my dear son Frank Kunkel, ten (10) acres of land.

"Third: I bequeath unto my daughter Nellie Smith, in her own name and right and to remain in her name during her lifetime, ten (10) acres of land.

"Fourth: I bequeath unto my dear grand-children Maurine and Paul Edward, ten (10) acres of land."

The evidence further shows that the above real estate was all of the land owned by Sarah Kunkel at the time of her death, and that her will was probated in the Wells Circuit Court on June 6, 1923.

The evidence discloses that, at the death of Sarah Kunkel, she left as her only heirs at law, Calvin Kunkel, her husband, the defendant Nellie Smith, her daughter, and the defendants Charles W. Kunkel and Frank T. Kunkel, her sons, and the defendants Paul Edward Kunkel and Maurine Hertzog, children of her deceased son.

Calvin Kunkel married again after the death of his first wife, and the defendant Mae Kunkel, his widow, is his second wife and is childless.

The case was put at issue and there was a request for a special finding of facts and conclusions of law. This was done, and the court, after hearing the evidence, stated its finding of facts and conclusions of law thereon. The conclusions of law are as follows:

(1) That the plaintiff has no interest in the real estate sought to be partitioned and is not entitled to partition thereof nor to sell the same to make assets for the payment of the debts of his decedent and should take nothing by his petition.

(2) That the defendant, Mae Kunkel, has no interest in the said real estate described in finding No. 1 herein.

(3) That the defendants are entitled to recover costs of and from the plaintiff as executor of the last will and testament of Calvin Kunkel, deceased.

(4) That the cross-complainant, Nellie Smith, is the owner in fee of the undivided two-sevenths of the real estate described in finding No. 1.

That the defendant, Frank T. Kunkel, is the owner of the undivided two-sevenths thereof.

That the defendant Charles Kunkel, is the owner of the undivided one-seventh thereof.

That the defendant, Maurine Hertzog is the owner of the undivided one-seventh thereof.

That the defendant, Paul Edward Kunkel, is the owner of the undivided one-seventh thereof.

(5) That the cross-complainant, Nellie Smith, is entitled to partition. That said real estate is not susceptible of division among the several owners thereof, and that a commissioner should be appointed to sell said real estate and make distribution of the proceeds among the cross-complainant and said parties defend-

ant in proportion to their respective interests as herein set out, after paying the costs made upon the cross-complaint and the costs and expenses incident to said sale and distribution.

To each conclusion of law, the plaintiff Charles G. Dailey, executor, and all of the Kunkels except Nellie' Smith, took exceptions. Thereupon Charles G. Dailey, executor of the last will and testament of Calvin Kunkel, deceased, Frank T. Kunkel, Charles Kunkel, Maurine Hertzog and Paul Edward Kunkel filed separate and several motions for a new trial, alleging in their motions: "(1) That the decision of the court was not sustained by sufficient evidence; (2) the decision of the court was contrary to law."

Appellants further complain of error of the court in overruling objections to certain questions propounded to the witness Nellie Smith.

The court overruled the motions for a new trial and plaintiff and cross-defendants excepted and appealed.

The first question we shall determine is what interest, if any, Calvin Kunkel took as the surviving husband of Sarah Kunkel, and this question will

1-3.    have to be determined under §3016 Burns 1914, Acts 1891 p. 71, together with such other law as touches upon the questions involved under the provisions of the will in question. Section 3016 Burns 1914, provides as follows:

"If a wife die testate or intestate leaving a widower, one-third of her real estate shall descend to him, subject, however, to its proportion of the debts of the wife contracted before marriage: Provided, If the wife shall have left a will, such widower may elect to take under the will, instead of this or any other law of descents of the state of Indiana, which election shall be made within ninety days after said will has been ad-

mitted to probate in this state and in the same manner as widows are now required to elect in such cases."

Under this section of the statute, the husband took one-third of the real estate owned by the wife at the time of her death, whether she died testate or intestate. Under the will of Sarah Kunkel, she gives all of her real estate to her children and grandchildren at the death of her husband—unless said will can be construed as giving Calvin Kunkel a life estate by the use of the language wherein she says that she gives the property to her children and grandchildren at the death of her husband. We cannot so construe said will. We hold that Calvin Kunkel took nothing according to the terms of the will, and therefore inasmuch as the will made no provision for the said Calvin Kunkel, he would take one-third of the real estate of which his wife died seized, in fee simple, and the fact that he made no election, in this particular case, would make no difference, for the reason that there was nothing for him, under the will, to accept or reject. For authorities see *O'Harra* v. *Stone* (1874), 48 Ind. 417; *Roach* v. *White* (1884), 94 Ind. 510; *Studebaker Bros. Mfg. Co.* v. *De-Moss* (1916), 62 Ind. App. 635; *Huffman* v. *Copeland* (1894), 139 Ind. 221; *Clark* v. *Clark* (1892), 132 Ind. 25.

The next question to be considered is what interests the cross-complainants take under the will. The will specifically sets forth to whom the real estate is given and when the title shall pass. The only difficulty is to determine whether Nellie Smith took a fee simple or a life estate. The will is emphatic as to who shall have the land and how much, and there is no provision following the third one therein, which is to her daughter Nellie Smith, which detracts or takes from any interest that any of the legatees may have.

While this will is an unusual one in form, and somewhat vague, yet we feel that the intention of the testator can be ascertained therefrom and that her intention was to give them the amount, in each devise, in fee simple.

The appellants have attacked the will on the ground that it is indefinite and uncertain, and that the meaning thereof cannot be ascertained, and they have 5. complained, in their brief, of errors of the court in overruling objections to questions propounded to the witness Nellie Smith concerning the lands owned by her mother at the time of her death, and where said land was located. The court did not err in permitting her to so testify.

We have come to the conclusion that the judgment of the court will have to be reversed for the reason that the plaintiff, as executor of the last will and testament of Calvin Kunkel, deceased, should be authorized and directed to sell any real estate his decedent might have owned at the time of his death, for the purpose of raising assets to pay debts and liabilities of the estate of Calvin Kunkel.

The conclusions of law as stated by the court are erroneous. The court did not err in overruling objections to certain questions propounded to the witness Nellie Smith, nor in overruling the motion for a new trial.

The judgment is reversed, with instructions to the lower court to restate the conclusions of law to conform herewith and to enter judgment accordingly.

Judgment reversed.