## RAE et al. v. BAKER et al.
### No. 7577.

Court of Civil Appeals of Texas. Austin.
April 22, 1931.

Appellants' and Appellees' Motion Overruled
May 13, 1931.

W. Marcus Weatherred, of Coleman, for appellant Rae.

Burress & Dillard, of Atlanta, Ga., Griffin & Kimbrough, of McAllen, and Dibrell & Starnes, of Coleman, for appellant Baker and others and appellees Dodge and others.

## BAUGH, J.

This appeal involves two questions, the construction of the will of Sarah M. W. Spence, and limitation title to 476 acres of land in Coleman county. The following facts appear:

On August 26, 1898, Sarah M. W. Spence executed her will, the part of which here involved reads as follows: "Item I. I give and bequeath to my two daughters Mrs. Sarah J. Baker and Margaret B. Denton, and my gran son James Walton Simmons the following property, towit four hundred and seventy six (476) acres of land in the County of Coleman State of Texas being #301 of Josiah Beall survey, about 15 miles west from town of Coleman. Being a part of tract set aside for Jno McClure and wife Susan McClure and Sarah M. W. Spence as recorded in book B pages 210 & 211—of records of Coleman County—also 167 acres of land in Campbell County, State of Georgia, being fractional lot of land No. 136 in the 14th District of originally Fayette now Campbell County and No. 67 in the 9th district of originally Coweta now Campbell County—said property to go to and vest in my said two daughters for and during their lives, then to go to and vest in their children if any survive them share and share alike. It being understood and is my will that the heirs herein named Mrs. Sarah J. Baker and Margaret B. Denton and James Walton Simmons shall each take a one-third interest or equal share in the above described property."

Mrs. Spence died in October, 1901, her will was probated in Fulton county, Ga., and copy of same with orders of probate filed in Coleman county, Tex., in February, 1906. In February, 1909, the three devisees named in said will conveyed in fee by warranty deed the Coleman county land to George Rae. Mrs. Sarah J. Baker died in 1912 and left surviving her nine children, who as plaintiffs claim title to a one-third interest in said lands, asserting that their mother had, and could convey to Rae, only a life estate in said property. The other plaintiffs, appellees here, were the children of Margaret B. Denton, who is still living. They claim a remainder of one-third interest in said land subject to the life estate of their mother.

The trial court construed said will as vesting only a life estate in Sarah J. Baker and Margaret B. Denton, in all of said lands; found that the children of Margaret B. Denton were entitled upon her death to an undivided one-third interest therein; found, in effect, that William Dodge Baker, son of Sarah J. Baker, who died in 1912, was the only one of her nine children who had asserted any claim to said Coleman county lands within five years after reaching majority; awarded to him a one-twenty-seventh interest, but awarded to Rae title by limitation as against her other eight children, and awarded to the children of Margaret B. Denton an estate in remainder to an undivided one-third interest in said lands; and ordered a partition accordingly.

Appellants contend, in substance, that, as to the Texas lands, said will vested a fee-simple title in the devisees, that the word "also" used between the description of the Texas lands and the Georgia lands was used in the sense of an additional "item," and introduced another and separate devise, and that the term "said property" prefacing the life estate clause therein modified, referred to, and applied only to the Georgia lands; that is, that the will passed a fee-simple title to the devisees in the Texas lands, and a life estate only in the Georgia lands.

■ We do not so interpret said will. It is a cardinal rule of construction that the intent of the testator, if it can be ascertained, and is not contrary to public policy or in violation of law, will be effectuated. Where it is practicable to do so, this intent should be determined from the language of the will itself. We find nothing in the testimony, nor in the other provisions of the will, which aid in construing the portion above quoted. It is a general rule in this state both of statute and of decision that, where an estate in lands is granted or devised, unless limited by express words or by a fair construction, a fee-simple estate is always favored. Vernon's Ann. Civ. Stats. art. 1291, and cases cited thereunder; and, if there be ambiguity as to the limitation attempted, or doubt as to its application, the larger estate will vest. Winfree v. Winfree (Tex. Civ. App.) 139 S. W. 36; Gilliam v. Mahon (Tex. Com. App.) 231 S. W. 712; Darragh v. Barmore (Tex. Com. App.) 242 S. W. 714.

■ In the instant case there can be no doubt as to the nature and character of the limitation imposed in express language. The only question is whether it applies to both tracts of land, or only to the latter. We think the fair interpretation of the language used points indubitably to the intent that both tracts be included in the devise made, and that the limitation applies to both. The term "also" is variously used, both as adverb and conjunction. In its conjunctive sense, as here used, it usually means "likewise," "in addi-

tion," "in like manner"; the latter meaning being that most usually attributed to it. See Webster's Unabridged Dictionary. While the intervening description of the Coleman county land somewhat removes the devising clause from the term "also," if these descriptions be omitted the following is the result: "I give and bequeath to my two daughters * * * and my gran son * * * 476 acres of land in the County. of Coleman State of Texas, * * * also 167 acres of land in Campbell County, State of Georgia, * * * said property to go to and vest in my said two daughters," etc., limiting their interest to a life estate.

There appears no break in the context as between the two tracts of land, not even the beginning of a new sentence, but rather a continuation of the same devise so as to include both tracts of land. Using the term "also" in the sense of "and" or "and in addition" or "likewise" or "in like manner," either or any of such meanings would we think indicate a clear intention of the testator to link and include both of said tracts of land in the same category, and, if so, clearly the term "said property" would refer to both tracts. That the term "said property" did refer to both tracts is further indicated, we think, in the last sentence of said item I, in which, after designating the devisees, the property, and the estate devised, the will provides that each shall "take a one-third interest or equal share in the above described property." The term "above described property" undoubtedly includes both tracts, and was obviously used in the same sense as the terms "said property" theretofore used in the will. We conclude, therefore, that the construction placed upon the will by the trial court was correct.

■■ The two named daughters, having received only a life estate in said lands, could convey no greater interest than they had. Article 1290, R. S.; Gibbs v. Barkley (Tex. Com. App.) 242 S. W. 462. Margaret B. Denton, who is still living, though her deed purported to convey an estate in fee simple, conveyed only her life estate, and the right of possession of her children would not vest until her death. Limitation against them as to their estate could not, therefore, begin to run in favor of one in possession of said lands until her death. Morris v. Eddins, 18 Tex. Civ. App. 38, 44 S. W. 203; Olsen v. Grelle (Tex. Com. App.) 228 S. W. 927; Hensley v. Conway (Tex. Civ. App.) 29 S.W.(2d) 416; 2 Tex. Jur. 28, and numerous cases there cited.

■ Appellees by cross-assignments assail the action of the trial court in denying to the eight children of Sarah J. Baker any recovery, urging that the registration of the deed from their mother to Rae was no notice to them; that Rae obtained only their mother's title; that upon her death they became cotenants with him of said lands; and that, being cotenants with Rae, limitation in his

favor would not begin to run unless and until actual notice that it was adverse had been given to them. They were nonresidents of the state, and no actual notice was given them by Rae of his adverse claim.

We think that said appellees could properly assume that their mother would attempt to convey no greater estate than she had; that is, her life estate. And, having acquired their estate, the remainder in fee, from the same source and by the same instrument through which their mother obtained hers, when that instrument was probated and recorded in Coleman county, subsequent conveyances would be out of their chain of title, and the record of same would not be notice to them of an adverse claim of such grantee under the registration laws. White v. McGregor, 92 Tex. 556, 50 S. W. 564, 71 Am. St. Rep. 875; Leonard v. Benfford Lbr. Co., 110 Tex. 89, 216 S. W. 382; Lynch v. Lynch (Tex. Civ. App.) 130 S. W. 461. There was no cotenancy between the holders of the life estate and the remaindermen. The remaindermen were not entitled to any possession of their estate until the termination of the life estate. 11 Tex. Jur. 431. Upon the death of Sarah J. Baker in 1912, Rae became a cotenant with her children to the extent of their interest. He has never acquired their interest unless by limitation.

The relationship of one cotenant to another is usually regarded in the nature of a trust, and notice of the hostile claim of one in possession against those out of possession, before it can be held to be adverse, must be brought to the knowledge of those affected. 11 Tex. Jur. 445, and numerous cases there cited. While there are expressions in some of the cases which might be construed to mean that nothing save actual notice would suffice, we do not so understand the rule. Mere possession, improvements, or payment of taxes in themselves are not sufficient to constitute constructive notice to cotenants of an adverse claim. But where the party in possession, as in this case, has been in open, notorious, adverse, and peaceable possession of said lands, making improvements thereon, paying taxes thereon, using and cultivating same, and openly claiming exclusive ownership thereof against the world for a period of twenty years, and for a period of seventeen years after the right of appellees to their possession accrued, and without knowledge or recognition of their outstanding claim, which was not asserted by them until 1929, we think his adverse possession and claim was of such "unequivocal notoriety" as to conclusively constitute presumptive notice to appellees of its hostile character. Phillipson v. Flynn, 83 Tex. 582, 19 S. W. 580; Stiles v. Hawkins (Tex. Com. App.) 207 S. W. 89, 95; Liddell v. Gordon (Tex. Com. App.) 254 S. W. 1098, 1100. That being true, the trial court properly rendered judgment against the eight children of Sarah J. Baker on the limitation issue.

Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.