446

**KNIGHT et al. v. MOORE et al.**

No. 4357.

Court of Civil Appeals of Texas. Texarkana.

July 11, 1933.

Rehearing Denied Sept. 14, 1933.

McDonald & Grant, of Longview, for appellants.

James Young, of Henderson, McEntire, James & Clower, of Tyler, J. W. Timmins, of Dallas, Jeff D. Farish and Otis Meredith, both of Houston, Thompson, Knight, Baker & Harris, of Dallas, R. E. Seagler and Robt. F. Higgins, both of Houston, Sol Goodell, of Dallas, and Clifford L. Stone and Brachfield & Wolfe, all of Henderson, for appellees.

SELLERS, Justice.

The appellants, Mrs. Dora Knight and her sister, Mrs. Mamie Hart, brought this suit in the district court of Rusk county against the appellees W. P. Moore and a number of others to recover an undivided interest in five tracts of land located in Rusk county, Tex., and here designated as follows:

1st tract, 280 acres of the Wiggins Survey
2nd tract, 57.5 acres of the T. J. Martin Survey
3rd tract, 207.5 acres of the T. J. Martin Survey
4th tract, 82 acres of the T. J. Martin Survey
5th tract, 17.5 acres of the T. J. Martin Survey

The appellees in their answer set up title to the interest claimed by appellants under the five, ten, and twenty-five year statutes of limitation. At the close of the evidence of both parties, the court submitted the case to a jury upon special issues, and, upon the jury's finding to such issues, the court entered judgment for appellees for title to the land by limitation, and the appellants have duly prosecuted this appeal.

The appellants offered no evidence in support of their claim to the title to the 17.5-acre tract, and the judgment as to such tract will not be disturbed.

■■ Appellants claimed title to an interest in the remaining tracts by inheritance from Emma Day, daughter of Mrs. Georgia Day, the first wife of Lawrence Day. The right to recover any part of the 207.5-acre tract is predicated upon such tract being the community property of Georgia and Lawrence Day. The deed to such tract was made to Lawrence Day on November 7, 1873, without any mention in the deed as to whether the tract was his separate property or the community property of himself and Georgia Day. The property was in the possession of Georgia and Lawrence Day at the time of Georgia Day's death. Under these facts, there is a presumption that this tract of land was community property of Georgia and Lawrence Day. Speer's Marital Rights (3d Ed.) § 350. This being true, the burden of proof was upon appellees to show this tract of land was the separate property of Lawrence Day. Id. § 435, p. 520. We regard the evidence offered on the issue as to whether Georgia and Lawrence Day were married before or after the purchase of the above tract of land as conflicting, and, as the appellees failed to request this issue of the date of the marriage to be submitted to the jury, they would on appeal be regarded as having waived such issue and claim of title to this tract of land on the ground that it was acquired before marriage and was the separate property of Lawrence Day.

■ There remains but one question, and that is the sufficiency of the evidence to support appellees' title to the four tracts of land by limitation. Appellants own a ¼₂₄ interest in the 207.5-acre and the 82-acre tracts and they own a ⅟₁₆₈ interest in the 280-acre and the 57.5-acre tracts, unless such interest has been lost by appellees' claim of ti-

tle by limitation. The facts are that D. W. Oppenheimer married Emma Day, who was one of six children of Georgia and Lawrence Day. Georgia Day died possessed with community interest in two of the tracts of land and a separate interest in the other two tracts, having inherited such interest from her mother. Emma Day Oppenheimer died July 7, 1897, which was after the death of her mother, Georgia Day, leaving as her only surviving heir her husband, D. W. Oppenheimer. Lawrence Day, after the death of his wife, Georgia Day, married again, and continued in possession of all the land until his death in February, 1910. D. W. Oppenheimer died in November, 1910, and left as his only heirs the appellants, who are children of D. W. Oppenheimer by a marriage prior to his marriage to Emma Day. After the death of Lawrence Day in 1910, his second wife continued in possession of the land for about eighteen months, when she married a Mr. Florey and moved with him to Overton, a short distance from the lands. Thereafter she rented these lands to W. P. Moore, who paid one-half the rent to her, and the other one-half was distributed among the children and grandchildren of Lawrence Day. Moore continued in possession of these lands, cultivating and using and paying taxes on the land, making some improvements thereon as the tenant of the Day heirs until 1930, when a partition of the land was had. But these appellants were not parties to that suit, and this suit was filed by appellants a short time after the partition suit was had. The evidence is clear that neither D. W. Oppenheimer nor the appellants ever lived in Rusk county, but they lived in another part of the state. No conversations or correspondence was had between appellants and the Day heirs. In fact, it is not contended that appellants had any notice of any adverse claim of the Day heirs to the land except such as the renting of the land, placing improvements thereon, paying taxes, and selling some of the timber from the land may as a matter of law afford. Appellees' testimony was to the effect that they did not think that appellants as a matter of law inherited any interest in the land from Mrs. Emma Day Oppenheimer; but their opinion was that on her death her interest in the Day land went to the Day heirs, and therefore they (appellees) never regarded appellants as having any interest in the land.

■ We have concluded that the evidence is insufficient to support the limitation title to the land awarded appellees by the judgment of the trial court. The relation between appellees and appellants is that of cotenants; appellees entering into possession of the land as cotenants. Before appellees could change this relationship so as to acquire appellants' title by limitation, it was incumbent upon them to give appellants notice of their adverse claim. The evidence relied upon to give such notice consists of their long possession coupled with the collecting of rents, paying of taxes, making improvements, and the sale of timber from the land. We regard the law as well settled that evidence of such acts merely will not constitute notice to appellants of appellees' adverse claim. 11 Tex. Jur. §§ 28, 29, and cases therein cited.

Appellees insist that the case of Rae et al. v. Baker et al. (Tex. Civ. App.) 38 S.W. (2d) 366, is authority to the contrary as to the above holding. We do not so regard it. Any apparent conflict may be accounted for by the fact that Rae's entry and possession of the property was not begun as a cotenant but as a claimant of title by a deed duly registered to all the land, and, when the Bakers later became his cotenants, that relationship in the nature of a trust which the law recognizes among cotenants when the entry and possession is made as a cotenant never did exist.

The judgment of the trial court will be reversed and here rendered in favor of appellants for title to a 1/24 interest in the 207.5-acre and the 82-acre tracts, and 1/168 interest in the 280-acre and the 57.5-acre tracts; and the judgment will be affirmed as to the 17.5-acre tract.