BANKS v. BANKS.

No. 9859.

Court of Civil Appeals of Texas.
Austin.

March 29, 1950.

Rehearing Denied April 19, 1950.

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, W. F. Nowlin, San Antonio, of counsel, Jones & Fly, San Antonio, Samuel L. Fly, San Antonio, of counsel, for appellant.

W. J. Hodge, David L. Tisinger, and Dan Moody, all of Austin, for appellee.

HUGHES, Justice.

This suit was brought by Mrs. L. C. (Flora) Banks, on February 23, 1949, to recover the title to and possession of certain real properties situated in Travis and Bastrop Counties.

The claim [1] of Mrs. Flora Banks is based upon the holographic will of her husband, L. C. Banks, who died March 29, 1938. This will, in its entirety, reads:

"Austin, Texas, July 2, 1932. "Last Will and Testament of L. C. Banks. "To my wife Flora Banks, I bequeath all my earthly possessions to have and to hold during her lifetime provided she does not remarry if she should marry my part of the property goes immediately to my son T. R. Banks.
"I make my wife Flora Banks and my son T. R. Banks executors without bond.
/s/ "L. C. Banks."

T. R. Banks, named in the above will, was the only child of the marriage of L. C. and Mrs. Flora Banks. He died childless on the 22d day of September, 1948, and by will left all of his property to his widow, Mrs. Dorothy Banks, who is appellant herein.

Mrs. Flora Banks has not remarried. Other facts were stipulated by the parties which exclude all except the parties hereto

---

1. Except her community property claim.

from having any interest in the lands involved herein.

An appropriate cross-action was filed by appellant.

In a trial before the court Mrs. Flora Banks, appellee, recovered the full fee simple title to these lands. Findings of fact and conclusions of law were made and filed by the trial court.

There are two issues before the court. The first and primary issue requires a construction of the will. The second issue involves the character of some of the land, as to whether it belongs to the community estate of Mr. and Mrs. L. C. Banks, or was the separate property of L. C. Banks.

Appellee construes the will as vesting in her a fee title to testator's lands determinable only in the event of her remarriage.

Appellant construes the will as vesting in appellee a life estate only, determinable in the event of her remarriage with a limitation over to T. R. Banks at the death or remarriage of his mother. In the alternative appellant construes the will as creating an intestacy as to the remainder estate, subject to the life estate of Mrs. Flora Banks.

The difficulty in construing this will arises from the fact that the testator did not expressly provide to whom his property should go upon the expiration of the life estate of his wife.

Shortly after the death of L. C. Banks, appellee executed and filed, under oath, an inventory and inheritance tax return, which contained the following:

"I, Flora Banks * * * hereby give notice that Lewis Clarke (L. C.) Banks died on the 29th day of March, 1938, testate, resident of Travis County, Texas; that there is a will, copy of which marked Exhibit 'A', is attached which was admitted to probate in the County Court of Travis County, Texas; * * * the name, * * * share of each distributee and relationship to decedent is as follows:

"Flora Banks, surviving wife, life estate, valued at one-half (1/2) fee simple, P. O. Address: 206 E. 17th Street, Austin, Texas. Net share $9165.

"T. R. Banks, son, share remainder after death of widow, value one-half (1/2) of fee simple, $9165.00. P. O. Address: P. O. Box 88, San Antonio, Texas; * * *."

Appellee has cited many cases in her brief and we will discuss some of those which involve wills containing language most closely approaching the wording of this will.

In Feegles v. Slaughter, Tex.Civ.App., 182 S.W. 10 (Writ Ref.), the first paragraph of the will provided that: "It is my will and desire, and I do hereby bequeath all my property, both real and personal, to my beloved and faithful wife, Mrs. L. V. Young." The court held that Mrs. Young received a fee simple title unaffected by paragraph five of the will, which read: "I further desire and hereby will and direct that upon the death of my wife the property which she then owns shall be equally divided between her relatives and my relatives, it being intended that she shall have full power to control and dispose of the property during her life."

In Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149, 150, the will provided that: "I give, devise and bequeath to my wife, Mrs. S. F. Frame, my farm located in Bexar County, Texas, and consisting of about 331 acres located on the Medina River and known as a part of the old Stanfield Farm to be used by her during the term of her natural life, but she shall not sell or dispose of the same in any way during her life time, provided however that she may dispose of the same by will to whom-so-ever she may desire; * * *."

The court held Mrs. Frame received a fee simple title.

In McDowell v. Harris, Tex.Civ.App., Dallas, 107 S.W.2d 647, 649 (Writ Dis.), which appellee labels a "strong case," the clause of the will under construction read: "* * * said land shall be to the use of the said Charles Harris during his life and should he leave Children lawfully begotten shall be inherited by them, but should he not leave children, the said land shall then go to my Daughter Ann Burrall or her Heirs forever."

The Court held that the phrase "during her life" did not prevent the vesting of the fee, saying: "Clearly this clause does not vest the lawfully begotten children of Charles Harris with any title to this land, for the testator declares that such children shall take by inheritance from Charles Harris and, by necessary implication, not by bequest from the testator. If the phrase 'said land shall be to the use of the said Charles Harris during his life time' creates a life estate only in Charles Harris, then there would be nothing for his after-born children to inherit, because the life estate would cease to exist when he died."

In Green v. Young, 163 Tenn. 16, 40 S.W.2d 793, by the Supreme Court of Tennessee, a case referred to by appellee as being "exactly in point," the clause of the will to be construed read: "I will and bequeath to my husband, L. A. Williams, all my real estate and personal property of whatsoever kind, to be used by him for his support and comfort during his life. This includes all property, real and personal, that I die seized and possessed of."

Under a statute which provided: "Every grant or devise of real estate, or any interest therein, shall pass all the estate or interest of the grantor or devisor, unless the intent to pass a less estate or interest shall appear by express terms, or be necessarily implied in the terms of the instrument", Shannon's Code, § 3672—the court held that L. A. Williams took a fee title, stating, we think, very significantly: "It appears that this couple had no children, and we think it fair to assume that the primary, if not the exclusive, interest of this wife was in her husband rather than in one or all of the very numerous collateral kindred, some ninety-two, according to the record, many of them residing in remote sections of the country and with many of whom it may fairly be assumed she had no acquaintance."

In the case at bar the testator not only had a child but he was named in the will.

In Winfree v. Winfree, Tex.Civ.App., Galveston, 139 S.W. 36, 38 (Writ Ref.), described by appellee as being "identical on its basic facts with the case at bar," the will to be construed read: "Upon my decease it is my wish and bequest that all of the real, personal and mixed property that I may die possessed of I do hereby give and bequest to Zachary Taylor Winfree, the adopted son of my deceased husband, J. F. Winfree, to have and to hold to him the said Zachary Taylor Winfree, and his lawfully begotten children."

The court, in overruling the contention that the devisee, Z. T. Winfree, took only a life estate said: "If the testor had intended to limit the estate bequeathed Z. T. Winfree to one for life, or to give his children any interest in her estate, she could hardly have selected less apt words to express that intent."

In Gilliam v. Mahon, Tex.Com.App., 231 S.W. 712, the following will was involved: "Know all men by these presents that I, S. A. Mahon, of the state of Texas, county of Dallas, have this day executed by will and testament, being of good mind, willed to my wife Alice A. Mahon, * * * all my real and personal property and all my interest in the New York Life Insurance Co. All debts to be paid, also my granddaughter Mittie Mahon to have equal share with all my heirs when the property is divided."

In holding that the wife took a full fee title the court stated the following rule, the applicability of which appellee urges here: "Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning."

Similar in effect is Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 716, where the court, in construing a will, said, "* * * before such succeeding paragraphs can be held to limit or reduce the estate so granted, the intention of the testatrix that they should have such effect must clearly appear."

A recent application of this same rule was made in Thomson v. Schryver, Tex. Civ.App., San Antonio, 159 S.W.2d 955

and in Renner v. German, Tex.Civ.App., Amarillo, 207 S.W.2d 671 (Writ Ref.).

None of these cases, in our opinion, compels the adjudication that appellee took more than a life estate under the will of L. C. Banks.

■ Appellee also states as a proposition of law that in the absence of a gift over the life tenant must be held to have received the fee. This is the rule as to personal property. McNabb v. Cruze, 132 Tex. 476, 125 S.W.2d 288. The reason for the rule is that life estates in personal property are not favored. Life estates in real property, however, are quite respectable in the eyes of the law and have no stigma of disfavor. No Texas case has been cited or found which applies the rule of the McNabb case to real property. Nor, as we read them, do any of the foreign cases, cited by appellee, prescribe a rule of thumb applicable to real property. Rather, the failure to make a gift over is used in construing an ambiguous will as a circumstance along with other language of the will and surrounding circumstances to arrive at the intention of the testator. The authorities cited by appellee are: 2 Simes, Law of Future Interests, 39; Williams v. Williams, 167 Tenn. 26, 65 S.W.2d 561; Union Trust Company v. Madigan, 183 Ark. 158, 35 S.W.2d 349; Pfeifer v. Wright, D. C. Okl., 34 F.2d 690; Dailey v. Kunkel, 82 Ind.App. 590, 147 N.E. 166; Jameson v. Best, 124 Kan. 633, 261 P. 582; Chambers v. Shaw, 52 Mich. 18, 17 N.W. 223; and In re McClelland's Estate, Mo.Sup., 257 S.W. 808.

Other rules of construction urged upon us by appellee are (a) the presumption that a testator did not intend to die partially intestate, (b) a doubtful will is construed favorably to the first taker, and (c) a court cannot write provisions into a will.

■ As to the rule last stated we acknowledge our lack of authority and desire to add to the will of the testator. We must construe the will from the language used by the testator and not from what we think he may have intended to say but did not say. Holcomb v. Newton, Tex.Civ.

App., Texarkana, 226 S.W.2d 670 (Writ Ref.).

The application of this rule requires us to hold that T. R. Banks did not take a remainder, subject to the wife's life estate, in the lands sued for under the terms of the will of L. C. Banks.

The rule favoring the first taker is only applied to ambiguous wills. We do not consider this will to be ambiguous, only incomplete.

■ As to the presumption against partial intestacy we quote from 44 Tex.Jur., p. 709: "But the presumption of the intention not to die intestate is not conclusive; it cannot avail where the language of the will is plain so as to change or control the actual intention of the maker."

As said by Mr. Justice Neill in Coleman v. Jackson, Tex.Civ.App., 126 S.W. 1178, 1180 (Writ Denied): "While there is a presumption that a testator intends to dispose of all his estate and not to die intestate as to any of his property, such presumption, however strong it may be, will not authorize the making of a new will by the court or the inclusion of other property that cannot be brought within the terms of the one made by the testator."

In Grant v. Stephens, Tex.Civ.App., Ft. Worth, 200 S.W. 893, 895 (Writ Ref.), 40 Cyc. p. 1409–11, is quoted from with approval as follows: " 'The presumption against partial intestacy, however, arises only where the intention to pass the whole estate is expressed in some form, and it cannot avail where the language used by the testator is plain and unambiguous.' "

■■ Having in mind the above rules and the predominant rule for the construction of wills that "the intention of the testator must be ascertained from the meaning of the words in the instrument, and from these words alone," with the permissible aid of extrinsic evidence concerning the situation surrounding the testator, " * * * to enable the court to discover the meaning attached by the testator to the words used in the will * * *"[2]

2. Hunt v. White, 24 Tex. 643.

and with the knowledge that "* * * courts in the construction of wills, are not to adhere rigidly to precedents unless they are in every respect directly in point,"[3] we have concluded that L. C. Banks died intestate as to the remainder estate following the defeasible life estate devised his wife.

There is not one word in the will to indicate that the testator intended that the estate given his wife should exceed an estate for life. On the contrary the intention is clearly expressed that the maximum estate given the wife was one for life but which could be shortened and terminated by remarriage. This estate, less than a fee simple, is "expressly and unequivocally declared," and Article 1291, Vernon's Ann. Civ.St., pertaining to the construction of grants, is inapplicable. Gulf Production Co. v. Continental Oil Co., 139 Tex. 183, 132 S.W.2d 553, 164 S.W.2d 488.

Clarity of the testator's intention is further amplified by the use of the word "immediately" in providing that if his wife should marry the property was to go "immediately" to the son. This word was used in contrast—to express contrasting ideas and intentions in the mind of the testator, i. e. accelerated divesture of the wife's life estate in the event of marriage as compared with and in contrast to delayed divesture of the wife's life estate occasioned by death, the remainderman in either event, whether by the will or by operation of law, being testator's only son.

Our construction of the will accords, not only with the plain direction of the testator, written in his own hand, but with a natural disposition of his property to those who had the strongest call upon his bounty.

As to the remaining issue concerning the status of certain property, the trial court found: "With respect to the real estate composed of five (5) small tracts described in Paragraph (f) in the Judgment the court finds that same was deeded in consideration of the promise of plaintiff (appellee) and L. C. Banks to support and care for the father of L. C. Banks during his life

time. Such promise was a valuable consideration in terms of money and was not made out of mere love and affection."

It is indisputed that this 100-acre tract of land was part of the community estate of T. B. Banks and wife, the father and mother of L. C. Banks, and that after the death of Mrs. T. B. Banks and in a partition of the estate this 100-acre tract was conveyed to L. C. Banks for a recited consideration of $10 and the further consideration of love and affection, a life estate being reserved to T. B. Banks. This deed was made during the marriage of appellee and L. C. Banks.

In the inheritance tax return filed by appellee she listed this land as being the separate property of her deceased husband.

To support the finding of the trial court appellee relies upon the presumption that property acquired during marriage is community property and the fact that this conveyance exhausted the estate of T. B. Banks and that thereafter and until he died T. B. Banks lived with his son, L. C. Banks, and his wife.

██ In our opinion the finding of the trial court is without any evidence to give it support and that, as a matter of law, the presumption, if any, that this 100-acres of land was community property of appellee and her husband was conclusively rebutted. 23 Tex.Jur., p. 359; James v. Gulf Production Co., Tex.Civ.App., Beaumont, 15 S.W.2d 1102 (Writ Ref.).

The judgment of the trial court is reversed and judgment is here rendered that appellee recover only a life estate in the 100-acre tract of land (separate property of L. C. Banks) and a fee simple title in an undivided one-half interest of the remaining lands and a life estate in the other undivided one-half interest in said lands and that appellant, on her cross-action, recover the 100-acre tract of land and an undivided one-half interest in the remaining lands in suit, subject to a life estate in favor of appellee in all lands recovered by appellant.

Reversed and rendered.

3. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 716.