Dolores ALVIAR, et al., Appellants,

v.

Enedino GONZALEZ, Administrator of the Estate of Enrique Alviar and Librada Alviar, Deceased, Appellee.

No. 13–86–211–CV.

Court of Appeals of Texas, Corpus Christi.

Dec. 18, 1986.

Rehearing Denied Jan. 15, 1987.

James R. Odabashian and Benjamin S. Hardy, Brownsville, for appellants.

John Williamson and Guillermo Vega, Jr., Brownsville, for appellee.

Before SEERDEN, UTTER, and DORSEY, JJ.

## OPINION

SEERDEN, Justice.

This is an appeal from a summary judgment in a suit to construe a joint will. The issue is whether the will passed fee simple title or a life estate to the survivor. The trial court held that the dispositive clause of the joint will of Enrique Alviar and his wife, Librada Alviar, conveyed "the entire estate of Enrique Alviar in fee simple to Librada Alviar." We reverse.

The combined estate consists mainly of a fifteen-acre tract of land valued at $75,-000.00 and personal property valued at $500.00. The Petition to Construe a Will alleges that Enrique owned the land as his separate property when he married Librada in 1958. Enrique died in March, 1981, and Librada died in August, 1981. Each had children by a previous marriage, but had no children by their marriage to each other.

The will is short, and omitting only the signature and self-proving affidavits, is as follows:

Last Will and Testament

THE STATE OF TEXAS §
COUNTY OF CAMERON §

KNOW ALL MEN BY THESE PRESENTS: THAT WE, ENRIQUE ALVIAR and LIBRADA ALVIAR, husband and wife, of the County of Cameron, State of Texas, being over the age of nineteen years, in good health, of sound mind and memory, do hereby make and publish this our Last Will and Testament, hereby revoking all wills, if any, by either of us heretofore made.

It is our will and desire that the survivor of us, Enrique Alviar or Librada Alviar shall have all of the property real, personal or mixed, which we or either of us, may own at the time of our death, to be used, occupied, enjoyed, conveyed and expended by *and during the lifetime of such survivor*, as such survivor shall desire (emphasis added).

It is our will and desire that the survivor of us, as the case may be, either Enrique Alviar or Librada Alviar, shall be appointed Independent Executor or Independent Executrix without bond.

THIS WE MAKE AND PUBLISH AS OUR LAST WILL AND TESTAMENT this 14th day of July, 1980, in the presence of D.J. LERMA and MIGUEL GOMEZ who subscribe their names hereto as attesting witnesses in our presence and in the presence of each other at our request.

The heirs of Enrique Alviar petitioned the court to construe the will, and to declare that the title to the real property be

decreed to be in the heirs of Enriqué Alviar. The heirs of Librada Alviar answered, contending that the will created an estate in fee simple in the survivor of the two testators, Librada Alviar. Both sides filed motions for summary judgment. The trial court considered the pleadings, affidavits, and exhibits and held that, as a matter of law, the will conveyed "the entire estate of Enrique Alviar in fee simple to Librada Alviar." The heirs of Enrique Alviar appealed.

■ The primary object of inquiry in interpreting a will is determining the intent of the testator. *Gee v. Read,* 606 S.W.2d 677; 680 (Tex.1980). Courts, in the construction of wills, are not to adhere rigidly to precedents unless they are in every respect directly on point. *Darragh v. Barmore,* 242 S.W. 714, 716 (Tex.Comm'n App. 1922); *Banks v. Banks,* 229 S.W.2d 99, 104 (Tex.Civ.App.—Austin 1950, writ ref'd n.r.e.). Courts must determine the intention of the testator from the words in the instrument, with the permissible aid of extrinsic evidence of the situation surrounding the testator. *Darragh,* 242 S.W. at 716; *Banks,* 229 S.W.2d at 103–104.

■ We hold that the will conveyed a life estate to the surviving spouse, with the additional right to expend or dispose of the property. No particular words are required to create a life estate. Where the language of the will manifests the intention of the testator to pass the right to possess, use or enjoy property during his life, a life estate is created. *Ellis v. Bruce,* 286 S.W.2d 645, 649 (Tex.Civ.App.—Eastland 1956, writ ref'd n.r.e.). The added full power of disposition given to a life tenant does not change a life estate to a fee. *Edds v. Mitchell,* 143 Tex. 307, 184 S.W.2d 823, 825 (1945).

In his brief, appellee compares the will with others, including one in *Wenzel v. Menchaca,* 354 S.W.2d 635 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.), which contains similar language. We distinguish that case. The *Wenzel* court found the intent to convey a fee in the language, "it being our intention and purpose to dispose of all of the property, real, personal and

mixed which we and each of us own at the time of our death ..." and that they had passed fee title by clauses which stated,

We give, devise and bequeath all our property, both real and personal of every kind which we may own at our death as follows:

1st. That subject to the payment of all just debts and funeral expenses of each of us, we each will, bequeath and devise to the other surviving spouse all the property, real, personal or mixed of which we or either of us shall die seized.... *Wenzel,* 354 S.W.2d at 638.

In that case, the language "with further full power of disposition by sale by the surviving spouse, for and during the life of said surviving spouse" was surplusage, rather than dispositive language. The dispositive language in the Alviar will is similar to that in the will in *Ellis,* 286 S.W.2d at 646, which passed a life estate:

It is our will and desire that the survivor of us ... shall ... have all the Estate of every description ... to be used, occupied, enjoyed, conveyed or expended by during the life of such survivor as such survivor may desire and that upon the death of such survivor, any of such Estate then remaining, shall pass and be immediately vested in J.C. Bruce....

In our case, the survivor "shall have all the property ... to be used, occupied, enjoyed, conveyed and expended by and during the lifetime of" the survivor. We find that the dispositive language limits the interest to a life estate.

Appellees point out that the Alviar will does not provide for disposition of a possible remainder. If the dispositive portion of the will were ambiguous, failure to dispose of a remainder would be some evidence of the intent of the testator.

■ Appellees argue the presumption against intestacy. The presumption against partial intestacy arises only when the intention to pass the whole estate is expressed, and it cannot avail where the testator uses clear and unambiguous language. *Banks,* 229 S.W.2d at 103.

Since provision has not been made for any remainder, it must pass by intestacy. We REVERSE the judgment of the trial court and RENDER that the will conveyed a life estate to Librada and that the heirs of both Enrique and Librada take the remainder by intestacy.

DORSEY, J., files a dissenting opinion.

DORSEY, Justice, dissenting.

I respectfully dissent. In construing a will, the intention of the testator is to be determined from the will itself by engaging in certain legal presumptions. If, after those presumptions have been applied, the will remains ambiguous, then extrinsic evidence is admissible in order to determine the testator's intentions. The majority finds from the language a clear intent that the survivor take a life estate only, so as not to require the application of the presumptions the law provides as aids in will construction.

I, however, find the will to be unclear as to whether a life estate or fee simple title was intended to pass, and, therefore, must apply the aids the law gives us. After using the legal presumptions, I come to a decision contrary to that of the majority, but do not find that the will is ambiguous so as to justify the use of extrinsic evidence. I would affirm the trial court and hold that the will conveyed a fee simple estate to the survivor.

The primary object of inquiry in interpreting a will is determining the intent of the testator. *Gee v. Read*, 606 S.W.2d 677, 680 (Tex.1980). The first rule to be applied is that the law favors the conveyance of the largest estate the language of the will is capable of passing, over that of a lesser estate, unless the contrary clearly appears. *McDowell v. Harris*, 107 S.W.2d 647 (Tex. Civ.App.—Dallas 1937, writ dism'd); *Rae v. Baker*, 38 S.W.2d 366 (Tex.Civ.App.—Austin 1931, writ ref'd). Such has been the statutory law since 1840 in this state insofar as an interest in land is concerned. Tex.Prop.Code Ann. § 5.001 (Vernon 1984). The language of the will is capable of being construed as passing a fee simple estate; thus, the rule should be applied.

The second rule to be applied is the positive presumption that one who has made a will does not intend that any property pass through intestacy. *Zint v. Crofton*, 563 S.W.2d 287 (Tex.Civ.App.—Amarillo 1977, writ ref'd n.r.e.). In the present case, the majority's holding that a life estate was created without the testate disposition of the remainder interest results in the remainder passing through intestacy, contrary to the well established presumption.

Neither of these rules of construction or presumptions are absolute. Where the testator clearly expresses an intention to create a life estate, the failure to dispose of the remainder does not defeat a life estate, nor convert it into a fee simple devise. *Banks v. Banks*, 229 S.W.2d 99 (Tex.Civ. App.—Austin 1950, writ ref'd n.r.e.). The entire holographic will of C.C. Banks that was the basis of the litigation in the *Banks* case was as follows:

Austin, Texas, July 2, 1932.

Last Will and Testament of L.C. Banks.

To my wife Flora Banks, I bequeath all my earthly possessions to have and to hold during her lifetime provided she does not remarry if she should marry my part of the property goes immediately to my son T.R. Banks.

I make my wife Flora Banks and my son T.R. Banks executors without bond.

As the court said in *Banks*, "[t]here is not one word in the will to indicate that the testator intended that the estate given his wife should exceed an estate for life." *Id.* at 104.

In the will presently before us, the surviving spouse is the only named beneficiary. As stated by the Court of Appeals in *Wenzel v. Menchaca*, 354 S.W.2d 635, 638 (Tex.Civ.App.—El Paso 1962, writ ref'd n.r.e.), "the will itself contains no hint or suggestion that the parties expected, or intended, that anyone should be benefited by the terms of their joint will except the survivor of them."

In *Wenzel v. Menchaca*, the joint will declared the testators' "intention and purpose to dispose of all the property, real,

personal, and mixed which [they] and each of [them] own at the time of [their] death." *Id.* The will provided in part:

> we each will, bequeath and devise to the other surviving spouse all the property, real, personal or mixed of which we or either of us shall die seized, with further full power of disposition by sale by the surviving spouse, for and during the life of said surviving spouse.

*Id.* at 637.

The appellate court held that this will devised not a life estate, but a fee simple estate to the surviving spouse. The latter clause was determined not to limit or reduce the estate, but to be, at best, "uncertain and ambiguous in its meaning." The Court explained that before it can be held that such language limited or reduced the absolute fee estate first devised, the intention of the testator to have that effect must appear clearly in the will. *Id.* at 639.

I would hold that *Wenzel* is controlling and that the latter clause in the instant case does not show a clear intent to limit or reduce the fee estate first granted. Because the will, as a matter of law, devises a fee simple estate to the surviving spouse, the trial court did not err in granting summary judgment to that effect.