ELIZABETH MCNABB v. J. M. CRUZE ET UX.

No. 7253. Decided February 22, 1939.
(125 S. W., 2d Series, 288.)

*Turney, Burges, ·Culwell & Pollard* and *J. F. Hulse,* all of El Paso, for plaintiff in error.

A provision in a will giving to testator's wife a life estate in all of his property, both real and personal, is effective to give her a life estate in a promissory note, where the remaining provisions of the will expressly undertake to divide testator's estate, including this note, eq. `lly among his children. Heller v. Heller, 114 Texas 401, 269 S. W. 771; Martin v. Dial, 57 S. W. (2d) 75; 44 Tex. Jur. 771.

*Fred C. Kollenberg,* of El Paso, for defendant in error.

MR. JUDGE GERMAN delivered the opinion of the Commission of Appeals, Section A.

This case involves a construction of the will of J. T. McNabb, who died in Tennessee March 17, 1930. The will was admitted to probate in that State April 21, 1930. J. T. McNabb left surviving his wife, Elizabeth McNabb, and four children, namely: James, Paul, Essie and Mamie Cruze, wife of James Cruze. The pertinent portions of the will are as follows:

### "Item II

"I desire that my wife Elizabeth have full control of all my property both real and personal during her natural life with full enjoyment and possession of same.

### "Item III

"I will and bequeath to my son James NcNabb that part of my home farm lying north of a line drawn from a forked willow on the bank of French Broad River to the northwest corner of the barn lot, then southward with the barn lot fence to the Southwest corner of said barn lot, then with the fence to the pike road, then northward along the road to the orig-

inal line; and that my daughter Essie have all that part of said home farm lying south of the above line and between the said river and pike road; and that the land lying East of said pike road including the woodland be held and owned in *fee* by my said son James and my daughter Essie as tenants in common, to be held or divided by them as they see fit.

### "Item IV

"I will and bequeath to my son Paul my house and lot in Knoxville.

### "Item V

"I hold one note against Paul McNabb and one note against James Cruze. The note against Paul is for $500.00 and the note against Jim Cruze is for $10,000.00. The valuation I place on the home farm that I desire my son James and my daughter Essie to have is $7500.00 each, and the house and lot I devise to my son Paul I value at $3000.00. Now in order to equalize the amount to each of my children I desire that the note held against my son Paul be cancelled and delivered to him, and that James and Mamie Cruze pay to Paul McNabb the sum of $2000.00 out of the said $10,000, and that when said sum of $2000.00 is paid to or secured to Paul then the said note of $10,000.00 to be cancelled and delivered to the said James Cruze. And further, that my son James and my daughter Essie pay to my son Paul the sum of $500.00 each so as to equalize his part with all the others."

After said will was probated, the Jim Cruze note for $10,000 passed into the hands of Mrs. Elizabeth McNabb. On August 1, 1930, Jim Cruze executed to Paul McNabb a note for $2000, which was accepted by Paul McNabb in satisfaction of the requirement in Item V of the will. This note was afterwards paid by Cruze. After execution of the note for $2000 Cruze and wife took the position that the note for $10,000 should be cancelled and surrendered to them in accordance with provisions of the will.

Upon the theory that she had a life estate in said note and was entitled to retain same and collect the interest thereon until her death, Mrs. McNabb, who will be designated plaintiff, instituted this suit against James Cruze and wife, who will be designated defendants. At the date suit was filed the interest on this note amounted to more than $4000, and the suit was to recover the interest then due. In the alternative, plaintiff sued for the principal and interest of the note, with allegation that she had a right to collect and retain the principal, receiving

the income therefrom, during her natural life. Judgment in the district court was in favor of defendants and this judgment was affirmed by the Court of Civil Appeals. 101 S. W. (2d) 902.

■ Plaintiff contends that under Item II of the will she was given a life estate in all property, including this note, and that Item V was to be effective only after her death. It is true that Item II is in language that usually confers a life estate. However, it is a well settled rule that life estate in personal property are not favored. By this is meant that the first taker will be given an absolute fee, instead of a life estate, unless the language of the will clearly and unequivocally manifests a different intention. It is also well settled that as regards personal property language which usually confers a life estate, unless followed by a gift over, vests title absolutely. As illustrative cases, see Williams v. Williams, 65 S. W. (2d) 561; Union Trust Co. v. Madigan, 35 S. W. (2d) 349, and authorities cited.

■ Under these well settled rules the title to this note vested absolutely in Mrs. McNabb, unless a limitation was created by Item V, for the reason that there is nothing in Item V which can be construed as a gift over. There is nothing in that paragraph to indicate that the things directed to be done were to be done after the death of Mrs. McNabb. On the contrary, the language appears to be in the nature of instructions to testator's executor which were to be complied with immediately, subject to the conditions named. The language with reference to the note against Paul was as follows: "I desire that the note held against my son Paul be cancelled and delivered to him." The language with reference to the note in question is as follows: "That James and Mamie Cruze pay to Paul McNabb the sum of $2000 out of the said $10,000 and that when said sum of $2000 is paid to or secured to Paul then the said note of $10,000 to be cancelled and delivered to the said James Cruze."

Thus it is seen that the language in this paragraph does not purport to be a gift over after the death of Mrs. McNabb, and under Item II Mrs. McNabb took an absolute title to this note, unless some meaning other than a gift over is given to Item V. It must be kept in mind that the gift to James and Mamie Cruze was not in the nature of a future bestowment of property, but was more in the nature of a forgiveness of indebtedness. It is therefore evident to our minds that the testator intended to give effect to his purpose as soon as Cruze and wife did their part towards equalizing the gift to Paul; thus

in effect removing the note in question from the assets of his estate. In this way only can effect be given to both Item II and Item V and bring Item V in harmony with what appears to have been the general purpose of the will as a whole. The evidence shows that there was a substantial personal estate other than these two notes. There was no gift over of any of this personal property. Under Item II Mrs. McNabb took same absolutely. It is significant that in Item III a life estate was given in only a part of the home farm. As to a part of that farm James and Essie were given a present fee estate. The testator obviously considered that by conferring on the surviving wife the title to all personal property, other than the two notes mentioned, and in all of the homestead farm, other than the woodland, he had made ample provision for the wife. Having conferred on James, Essie and Paul real estate which could be enjoyed after the death of the wife, it appears to us proper to conclude that he intended, in order to confer an equal benefit upon his daughter Mamie, to direct that the debt due by her and her husband should be remitted as soon as they paid or secured to be paid the $2000 to Paul. Under plaintiff's contention they would be required to pay interest on this note so long as Mrs. McNabb should live, or would be required to pay the $10,000 in cash, and be deprived of same until the death of Mrs. McNabb at some indefinite time in the future, before being entitled to a refund of any part of same. This is wholly inconsistent with the direction that the note be cancelled and delivered to Cruze. It is also inconsistent with the attempt to equalize the bequests.

We conclude therefore that when defendants secured Paul McNabb in the payment of the $2000, which appears to have been done not later than August 1, 1930, Mrs. McNabb no longer had any interest whatever in the note for $10,000. It is not made to affirmatively appear that any interest was due on the note at that date, and the trial court no doubt found there was none due.

For the reasons stated herein the judgment of the Court of Civil Appeals is affirmed.

Opinion adopted by the Supreme Court February 22, 1939.