**WYKES et al. v. WYKES.**

**No. 9379.**

Court of Civil Appeals of Texas. Austin.

Sept. 29, 1943.

Rehearing Denied Oct. 13, 1943.

Malone, Lipscomb, White & Seay, Curtis White, and Ralph Malone, all of Dallas, for appellants.

White, Taylor & Chandler, H. Grady Chandler, and Ike D. White, all of Austin, for appellee.

BLAIR, Justice.

This appeal involves the construction of the holographic will of Charles H. Wykes, deceased, to determine primarily whether he intended to bequeath to his wife, Annie Wykes, his interest in their community personal property absolutely and without reservation, or whether he intended to bequeath a mere life interest therein to her. The material provisions of the will, dated August 18, 1911, read:

"First After my lawful debts are paid, and discharged, I give to my beloved wife, Annie Wykes, our Dwelling House, and all our land connected therewith, which we now occupy as our homestead, and all the furniture including: organ, pictures, carpets and other things ued by us in housekeeping, and in connection therewith. Also all stock of all kinds on farm, farm implements of all description, vehicles, harness and all appurtenances to the farm. Also 496 acres of land owned by me on the Austin & Lampasas road, about 7½ miles south of Lampasas, in Burnet Co., Texas, with all improvements thereon. This 496 acres of land, is she sees proper, can be sold and converted into money.

"Second I also give to my wife all notes and accounts held by me; Bank Stock, and any other securities owned by me. All cash in hand or in Bank.

"My express desire to make my Will in this way is that my wife may have the means at her command, to raise and educate the younger children of our family properly.

"Third The foregoing is bequeathed to my beloved wife Annie, during her lifetime, or so long as she retains my name, but should she prefer to marry again and become the wife of another or should she die, my express wish is that everything shall revert to my children, all equal parts.

"At the death of my wife Annie, it is my express wish that our House and Ranch, as it now stands, should not be divided up and sold by pieces, but if sold, should go as a whole all together, *but not at force sale,* but in a way that it would bring its

*full value,* but would rather if possible, it were kept in the family as our old Homestead.

"Fourth I further wish to bequeath to my wife Annie Wykes, during her lifetime, and then to my children, all land owned by me in Hall Co., Texas, with the restrictions named in Art. 3rd.

"Fifth I hereby appoint my wife Annie Wykes to be Executrix of this, my last will and Testament, without Bond.

"Sixth It is my wish, that no other action by the Court be taken in regard to my estate than filing and probating of this Will, and an Inventory of *Real Estate Only,* be taken. This Will is written by myself, and in my own handwriting. This the 18th day of August, 1911."

By two holographic codicils to the will, the first dated October 31, 1927, and the second dated January 25, 1928, the testator devised either a life estate in or the fee to certain real estate acquired after the execution of the will to his wife. These devises are not material to the primary question presented, because all of the real estate remains after the death of the wife, Annie Wykes, and both the will of testator and the will of Annie Wykes devised the remainder of their respective estates to their eight children, share and share alike, except the will of Annie Wykes bequeathed $6,000 to be paid first out of her estate to Charles H. Wykes, Jr. So, if the will of testator be construed as bequeathing only his one-half interest in the community personal property, as held by the trial court, or if it be construed as bequeathing all of the community personal property as his separate property to his wife absolutely and without reservation, it is conceded that the estate of Annie Wykes is sufficient to pay the special bequest of $6,000 to Charles H. Wykes, Jr., the appellee. Appellants are the seven remaining children, who make the contention that their father intended by his will and the two codicils thereto to devise and bequeath all of the property described in the will, both real and personal, as his separate estate, and to devise only a life estate therein to his wife; and that when so construed Annie Wykes did not have in her separate estate at the time of her death sufficient property to pay the special bequest of $6,000 to appellee.

The pertinent facts show that in 1879, prior to the marriage of Charles H. and Annie Wykes, he acquired 160 acres of the land described in the will, and that the remainder of the real estate, about 1735 acres of land and the Quanah city property, described in the will or codicils, was acquired after the marriage. All of the personal property described in the will was acquired after the marriage. Charles H. Wykes died February 6, 1929, at which time Charles H. Wykes, Jr., appellee, the youngest child, was about 29 years of age, and had remained at home with his parents, all the other children, appellants, having married or lived elsewhere. The will was duly probated and an inventory of the real estate only, as directed by the will, was filed. Later, in 1935, appellants filed a suit to require their mother to file a report of the property she had received and to make bond therefor, alleging that same was being dissipated, and that they had a present interest therein. She answered and filed a report showing that all the real estate set out in the inventory of the Charles H. Wykes estate was still on hand, all of which, except a certain interest which she claimed in the Quanah city property, she alleged was the community property of herself and testator, and that he had devised to her a life estate in his one-half community interest therein; that he bequeathed to her absolutely or in fee all of his interest in the personal property described in the will; and in her report she further showed that the community personal at the date of the death of her husband consisted of $6,132.19 in cash, the various stocks described of the value of $7,100, and notes and accounts due the community estate of the value of $12,056.-50, or a total value of $27,288.69; all of which she claimed as her separate property. Further, in her answer and report in the suit filed by appellants, she claimed as her separate property certain property which together with the real estate was on hand at the time of her death on April 15, 1942. This consisted of real estate which she purchased and paid for out of the income from the community real estate and the personal property bequeathed to her, insurance from the life of a sister, notes and accounts due her, proceeds from cattle, farm products, etc., sums she had paid for the Charles H. Wykes estate, and her individual interest in the Quanah property, and $5,669 in cash, or a total value of $38,680.59. So, under these facts the primary issue is whether at the time

of her death Annie Wykes owned a separate estate of $6,000 out of which to pay the $6,000 bequest to Charles H. Wykes, Jr., appellee, which issue in turn depends upon the construction of the will of Charles H. Wykes, Sr., to determine whether he bequeathed his interest in the community personal property to his wife absolutely or in fee. If so, then it is conceded that all other questions become academic.

We construe his will as having bequeathed all of his interest in the community personal property to his wife absolutely or in fee. This construction renders immaterial any question of whether he bequeathed only his one-half community interest in the personal property, or attempted to bequeath all of it as his separate property, because in either event all of the personal property became her separate property under the construction which we place upon the will.

█ With respect to a construction of the will to determine if the testator intended to bequeath to his wife his interest, whether his one-half or all of it, as his separate property in the personal community property absolutely or in fee, the will must be construed in the light of the established rule of both England and America, which is succinctly stated in 23 R.C.L., 491, Sec. 16, as follows: "Limitations of remainders in personalty are not favored, and, in order that an intention to create such remainder may be given effect, it must be clearly and unequivocally expressed."

In the case of Darragh v. Barmore, Tex. Com.App., 242 S.W. 714, 717, the foregoing rule was applied as follows: "Life estates in 'choses in action, bonds, securities and moneys' are not favored, and the testatrix will not be held to have so intended, unless such intention is clearly and unequivocally expressed." See also McNabb v. Cruze, 132 Tex. 476, 125 S.W.2d 288; Michaelis v. Haupt, Tex.Civ.App., 212 S.W. 274; Neely v. Brogden, Tex.Com.App., 239 S.W. 192; Wagnon v. Wagnon, Tex.Civ.App., 16 S. W.2d 366.

█ Adverting to the will, the first paragraph bequeaths to testator's wife all livestock, but makes no disposition of any increase, or for the replacement of worn-out work stock. The farming implements, etc., are subject to wear, and all of this property is of short life or duration, and we think that testator intended that it should pass to his wife without reservation or restriction. The same is true of the notes, accounts, securities and cash bequeathed to the wife by the second paragraph of the will. The notes and accounts necessarily had to be collected at maturity, and no provision was made for the reinvestment of the principal, or for the investment of the cash or money bequeathed. In this same paragraph and in explanation of these bequests, the testator stated that he had so made his will that "my wife may have the means at her command to raise and educate" their children properly. At the time the will was executed there were several minor children, the youngest being about 10 years of age. Testator made no reference to the use of the income from the personal property, but placed the property itself "at the command" of his wife to raise and educate the children. There is no language in either the first or second paragraphs of the will limiting the devises or bequests to the wife in any manner. The first limitation appears in the third paragraph where testator states that "the foregoing is bequeathed to my beloved wife * * * during her lifetime, or so long as she retains my name." She did not remarry, and we think that this provision applied only to the real estate. The wife's duty to rear and educate the children continued even though she should remarry, and testator's desire that this be done would likewise continue, and this general language of the will would not defeat his specific bequest of the personal property described as "the means at her command to raise and educate" their children. And as most conclusive of the intention of testator to bequeath the personal property to his wife absolutely or in fee, he expressly provided in the sixth paragraph of the will that "an inventory of real estate only be taken." This clearly manifested the intention of the testator to require no accounting by the wife of the personal property bequeathed to her; and that he intended the life estate bequeathed should apply only to the real estate. Clearly, if testator had intended to bequeath only a life estate in the personal property, he would have required his wife to have inventoried it. He specifically provided that "only" the real estate be inventoried so that the remaindermen might take it upon the death of the wife, or in the event of her remarriage. It is true that testator could not prohibit the making of an inventory of all of his estate, but the provision for making an inventory of the real

estate only may be looked to for the purpose of arriving at the intention of testator as not bequeathing a life estate only in the personal property. He used the word "only" to describe the property which he wished his wife to account to the remaindermen for. If the use of the language that "an inventory of real estate only be taken," together with the language that he bequeathed all the personal property described to his wife so that she "may have the means at her command to raise and educate" their children, can be construed not to certainly bequeath the personal property to her in fee, then the language and provisions in that respect are ambiguous and uncertain, thereby invoking the settled rule that if the language of the will leaves it uncertain as to whether a greater or lesser estate was intended to be devised, the greater estate will be held to have vested in the devisee. Rae v. Baker, Tex.Civ.App., 38 S.W.2d 366, error refused. Under this rule and the rule first cited that limitations or life estates in personalty are not favored, we think the will in question must be construed as having bequeathed all of testator's interest in the personal property described in the will to his wife absolutely or in fee. Since all parties concede that if the will is so construed all other questions become academic, we pretermit a discussion of them.

The judgment of the trial court is affirmed.

Affirmed.