### HATCH et al. v. FERGUSON et al.

(Circuit Court, D. Washington, N. D.   October 6, 1893.)

1. FEDERAL COURTS—JURISDICTION — CITIZENSHIP — DISTRICT OF RESIDENCE— WAIVER.

Where a suit is brought in a federal circuit court, on the ground of diverse citizenship, to enforce a claim to land situated in the district, defendants, who have voluntarily appeared and submitted their claims to adjudication, cannot afterwards object to the jurisdiction, on the ground that the suit is not brought in the district of the residence of either plaintiffs or defendants.

2. INFANCY—SERVICE OF PROCESS.

Service of summons upon a minor in the state of Washington, by delivering a copy to him personally, is invalid unless a copy is also delivered to his father, mother, or guardian, or person having him in care or control, or with whom he resides, as required by the statute, (Laws Wash. 1887–88, p. 26.)

3. GUARDIAN AND WARD—APPOINTMENT—BOND.

The Washington statute requiring bonds from all guardians (Code 1881, §§ 1604, 1612, 1617, 1618) is mandatory, and, until such bond is given, no person is competent to act as guardian or to receive service of summons for the minors, even though appointed by a will which expressly dispenses with a bond.

4. SAME—JUDGMENT AGAINST MINORS—VALIDITY.

A judgment against minors resulting from an appearance in the suit by one who assumed, without lawful authority, to be their guardian, does not conclude them, and they may question it in a collateral proceeding.

5. HUSBAND AND WIFE—COMMUNITY PROPERTY.

In Washington, property acquired by a man during cohabitation with a woman, whom he afterwards marries, is his separate property, and is not affected by the community property law.

6. WILLS—CONSTRUCTION—COMMUNITY AND SEPARATE PROPERTY.

Where a married man, owning separate property, makes a devise to his children of his estate, describing it as "being the one-half interest in the community property now owned by me and my said wife," this can only be regarded as the expression of his opinion, and does not convert the property into community property, or operate as a devise of one-half thereof to his wife; nor can the interest of his children be diminished by construing the will according to the intention of the testator, as shown by parol evidence.

In Equity.  Suit by Dexter Hatch, Arthur Hatch, Cyrus Hatch, and Ezra Hatch, minors, by their next friend, Josephine Hatch, against E. C. Ferguson, Henry Hewitt, Jr., the Everett Land Company, Judson La Moure, and Minnie E. La Moure, to determine adverse claims to land upon which the city of Everett is in part located, and to annul a judicial sale of their title to said land.  Decree for complainants.

For a prior opinion in respect to a jurisdictional question, see 52 Fed. Rep. 833.

A. D. Warner, Stratton, Lewis & Gilman, Junius Rochester, and W. Scott Beebe, for complainants.

Francis C. Barlow, Brown & Brownell, and Cy. Wellington, for defendants.

HANFORD, District Judge. This is one of three cases commenced by the family of Ezra Hatch, deceased, to recover portions of the land upon which the city of Everett is situated, the complainants herein being the four minor children of the said Ezra Hatch and Josephine Hatch. Their mother, Josephine, appears as prochein ami. The object of the suit is to annul a judicial sale of the interests of said minors in a tract of 160 acres, to which the said Ezra Hatch acquired the title from the United States, by the location thereon of a land warrant issued to him for services in the United States navy during the Mexican war. Said Ezra Hatch and Josephine commenced cohabiting together prior to the location of said land warrant, but their marriage was not solemnized until after a patent had been issued to said Ezra Hatch for said land. The will of said Ezra Hatch, which was duly admitted to probate after his death, contains a paragraph making disposition of his estate in the following words:

"I give and bequeath to my daughter, Esther Hatch, and to my sons, Dexter Hatch, Arthur Hatch, Cyrus Hatch, and Ezra Hatch, all my estate, real and personal, of every name and nature whatsoever, owned by me at the time of my death, after paying all my just debts and the admitting of this, my last will, to probate, and the sum of five dollars hereinafter bequeathed to my wife, Josephine Hatch; said estate being the one-half interest in the community property now owned by me and my said wife, from which I bequeath to my said wife the sum of five dollars, and it is my wish and desire that my said daughter and sons share and share alike in my said estate."

In the month of April, 1891, the defendant Henry Hewitt, Jr., commenced an action in the superior court for the county of Snohomish, in which said land is situated, against said minor children and E. C. Ferguson, as their guardian, to partition said tract of land, alleging in his complaint, filed in said action, that he (Hewitt) then had an estate of inheritance in said tract of land to the extent of an undivided three-fifths thereof, and that each of said children had an undivided one-tenth thereof. A summons was issued in said action, directed to the defendants therein, the said minor children, and E. C. Ferguson, as their guardian, upon which the sheriff of Snohomish county made a return, in the following words:

"Sheriff's Return: Office of the Sheriff of the County of Snohomish, State of Washington. I hereby certify that I received the within summons on the 7th day of April, A. D. 1891, and personally served the same on the 8th day of April, A. D. 1891, on E. C. Ferguson, and on Dexter Hatch, Arthur Hatch, Cyrus Hatch, & Ezra Hatch, on the 14th day of April, 1891, they being the defendants named in said summons, delivering to each of said defendants personally, in the county of Snohomish, a true copy of said original summons."

Ferguson appeared in said action, and filed an answer, admitting each and every allegation contained in the complaint. Afterwards a decree was rendered, pursuant to which the entire tract

of land was sold, and the proceeds divided, the defendant Ferguson receiving the portions awarded to said minor children. The defendant Hewitt was the purchaser at said sale, and he afterwards conveyed 10 acres of said land to the defendant Judson La Moure, and the residue to the defendant the Everett Land Company.

I have heretofore passed upon the jurisdictional questions raised by a demurrer to the bill of complaint. See Hatch v. Ferguson, 52 Fed. Rep. 833. The case having been brought on for final hearing, the defendants Judson La Moure and his wife, Minnie E. La Moure, again questioned the jurisdiction, on the ground that they are citizens and residents of the state of North Dakota, and were citizens and residents of that state when this suit was commenced, and the plaintiffs were at the time of the commencement of this suit citizens and residents of the state of Oregon; and in behalf of said defendants it was argued that under the provisions of the act of March 3, 1887, relating to the jurisdiction of United States circuit courts, as corrected by the act of August 13, 1888, "where the jurisdiction is founded only on the fact that the action is between citizens of different states, suit shall be brought in the district of the residence of either the plaintiff or the defendant." Supp. Rev. St. (2d Ed.) 612. This, however, is a suit to enforce a claim to the title to real property situated within this district, and all the defendants have voluntarily appeared herein, and submitted to the jurisdiction of the court, for the purpose of an adjudication of their adverse claims to said title. This court is therefore vested with complete jurisdiction by reason of said facts, and by virtue of the provisions of the eighth section of the act of March 3, 1875, (Supp. Rev. St. [2d Ed.] 84.)

The validity of the judicial sale of this land depends upon the question whether the superior court of Snohomish county acquired jurisdiction to render a decree binding upon these complainants. The statute of this state in force at the time relating to the manner of service of a summons prescribed that, if the action be against a minor under the age of 14 years, the summons shall be served by delivering a copy thereof "to such minor personally and also to his father, mother, guardian, or if there be none within this territory, then to any person having the care or control of such minor, or with whom he resides, or in whose service he is employed, if such there be." Laws Wash. T. 1887–88, p. 26. These plaintiffs were all at the time under 14 years of age, and the sheriff's return shows that service of said summons was not made in the manner prescribed by the statute; and the defect of service was not cured by the voluntary appearance of Ferguson, unless he was at that time the legal guardian of said minors. In the will of Ezra Hatch said Ferguson is named as the guardian of said minors, and, after the probate of said will, the probate court of Snohomish county issued letters of guardianship to said Ferguson, erroneously reciting that by said will he was appointed guardian to act without bonds, and it affirmatively appears from the evidence submitted in this case that said Ferguson has not qualified as the guardian of said minors by the execution of a bond. The Code of Washington Territory of

1881 contains the following provisions, and the same were in force as law in this state at the time of the proceedings referred to, viz.:

"Sec. 1604. The probate court of each county, when it shall become necessary, may appoint guardians to minors resident in said county, who have no guardian appointed by will; or who may reside out of the territory, having estate within the county." "Sec. 1612. The probate court shall take of each guardian appointed under this act, bond with approved security, payable to the Territory of Washington, in a sum double the amount of the minor's estate, real and personal, conditioned as follows: The condition of this obligation is such, that if the above bounden A B, who has been appointed guardian for C D, shall faithfully discharge the office and trust of such guardian according to law, and shall render a fair and just account of his said guardianship to the probate court of the county of ——, from time to time, as he shall thereto be required by said court, and comply with all orders of said court, lawfully made, relative to the goods, chattels, and moneys of such minor, and render and pay to such minor all moneys, goods and chattels, title papers and effects which may come into the hands or possession of such guardian belonging to such minor, when such minor shall thereto be entitled, or to any subsequent guardian, should such court so direct, this obligation shall be void, or otherwise to remain in full force and virtue, which bond shall be for the use of such minor and shall not become void upon the first recovery, but may be put in suit from time to time against all, or any one or more of the obligors, in the name and (for) the use and benefit of any person entitled by a breach thereof, until the whole penalty shall be recovered thereon." "Sec. 1617. All the provisions of chapter 101 relative to bonds given by executors and administrators, shall apply to bonds taken of guardians. Sec. 1618. The father of every legitimate child, who is a minor, may, by his last will in writing, appoint a guardian or guardians for his minor children, whether born at the time of making such will or afterwards, to continue during the minority of such child, or for any less time, and every such testamentary guardian shall give bond in like manner and with like condition as hereinbefore required, and he shall have the same powers and perform the same duties with regard to the person and estate of the ward, as a guardian appointed as aforesaid."

Chapter 101 of the Code referred to in section 1617 contains the following provisions:

"Sec. 1394. Every person to whom letters testamentary or of administration are directed to issue must before receiving them, execute a bond to the Territory of Washington with two or more sufficient sureties to be approved by the probate judge. In form the bond must be joint and several, and the penalty must not be less than twice the value of the personal property, and twice the probable value of the annual rents, profits and issues of the real property belonging to the estate: which values must be ascertained by the probate judge by examining on oath the party applying, and any other persons." "Sec. 1396. The bond must be conditioned that the executor or administrator shall faithfully execute the duties of the trust according to law." "Sec. 1399. In all cases where bonds or undertakings are required to be given under this title the sureties must possess the qualifications and justify thereon in the same manner as required by the civil practice act for bail upon an arrest and the certificate thereof must be attached to and filed and recorded with the bond or undertaking. All such bonds or undertakings must be approved by the probate judge before being filed or recorded."

These provisions of the statute are, in my opinion, mandatory, and the giving of a bond is prerequisite to the assumption by any person of the guardianship of minors in this state, whether under an appointment by will, or by the court having probate jurisdiction. A question similar to the one I am considering was decided by the New York court of appeals in the case of Wuesthoff v. Insur-

ance Co., 107 N. Y. 580, 14 N. E. Rep. 811, and the court held a statute requiring testamentary guardians to give bond in such sum and with such sureties as the court having jurisdiction may approve, before exercising any authority over the minor or his estate, to be mandatory, and that such a statute makes the giving of security by the guardian a necessary qualification and a prerequisite to the exercise of any authority over the estate of the ward. The supreme court of California, also, in the case of Murphy v. Superior Court, 24 Pac. Rep. 310, held that one who was appointed a guardian by a deed of trust and also by the superior court, but who had not given a bond, was not a legal guardian.

In their argument, counsel for the defendants attempt to draw a distinction between this case, which they contend is one in which there was only a defective or imperfect service of notice, and cases wherein there has been no service of notice, and they have brought to my attention the cases of Isaacs v. Price, 2 Dill. 351; Shawhan v. Loffer, 24 Iowa, 226; Bunce v. Bunce, 59 Iowa, 533, 13 N. W. Rep. 705; and 1 Black, Judgm. § 224, note. But these authorities, in so far as they seem to sustain the argument that titles to real estate can be divested by judicial proceedings, without substantial compliance with the statutory requirements as to service of jurisdictional process, are in conflict with the decisions of the supreme court of the United States. See Galpin v. Page, 18 Wall. 350; Settlemier v. Sullivan, 97 U. S. 444. The cases of Arrowsmith v. Gleason, 129 U. S. 86, 9 Sup. Ct. Rep. 237; Bunce v. Bunce, supra; and Hamiel v. Donnelly, (Iowa,) 39 N. W. Rep. 210, —hold that where a guardian sells the property of his ward under an order of court without having given a sale bond, required by the statute, such sale is not void, the failure to give the bond in such a case being a mere irregularity, not affecting the jurisdiction of the court. But said authorities are not in point. The question which I am considering is whether Ferguson was guardian or not. This is certainly a jurisdictional question, for, if Ferguson was not the legal guardian of said minors, they were not represented in the partition suit, nor called upon to appear therein, and they are not bound by the judgment of the superior court, nor by any recital in its record. In the case of Moody v. Butler, 63 Tex. 210, the court held that the authority of an executor could not be impeached collaterally by the mere fact that the record of the court under whose direction he acted did not show affirmatively that he had given a bond. The reasons given in the opinion are very meager, and not sufficient to enable me to determine whether the case is in fact analogous, nor to convince me that my own views in this case are erroneous. Bloom v. Burdick, 37 Amer. Dec. 299, and Russell v. Coffin, 8 Pick. 143, are not in point. In the former, objection was made to the sufficiency of a bond with but one surety, and it was held that failure to exact a bond with two sureties was a mere error. It is a New York case, and, if it were in point, I should be inclined to yield greater deference to the later decision of the New York court of appeals in Wuesthoff v. Insurance Co., supra. In Russell v. Coffin the validity of a bond

with no sureties, given by guardians, was disputed; but the objection was adjudged to be immaterial in a collateral proceeding, for the reason that the law of Massachusetts, under which the case arose, confided in the court by whom the guardians were appointed power to remove them for failure to give a satisfactory bond. The theory of the decision appears to be that the manner of exercising discretionary powers cannot be made the subject of contention in a collateral proceeding. But questions as to the sufficiency of a bond, raised after its acceptance by a court authorized to approve or reject it, are in principle entirely different from the question as to the effect of the entire failure to comply with a mandatory statute requiring a bond as a prerequisite to the assumption of legal authority.

A judgment against a defendant upon an appearance for him by an attorney of record does not preclude such defendant from showing in a subsequent proceeding that the appearance was not authorized. Harshey v. Blackmarr, 20 Iowa, 161; Freem. Judgm. § 499; 1 Herm. Estop. § 523; 1 Black, Judgm. § 374; 2 Black, Judgm. § 901; Thompson v. Whitman, 18 Wall. 457; Knowles v. Coke Co., 19 Wall. 58; Hill v. Mendenhall, 21 Wall. 453; Hall v. Lanning, 91 U. S. 160; U. S. v. Throckmorton, 98 U. S. 61. Upon the principle of these authorities, I hold that minors are not concluded by judicial proceedings against them, founded upon acts of one who, without lawful authority, assumed to be their guardian; and from the evidence in this case I find that the defendant Ferguson was not the legal guardian of the complainants. Service of the summons in the partition suit upon him was not sufficient to bring them within the jurisdiction of the superior court for Snohomish county, and they are not bound by his appearance as their representative. The sale of their land pursuant to the order of that court is therefore void.

The land involved in this suit was the separate property of Ezra Hatch, the title having been acquired by him prior to any lawful marriage to Josephine, and his right to dispose of it by will was not abridged by any law of this state. The cases of McLaughlin's Estate, 30 Pac. Rep. 651, 4 Wash. 570, and Kelley v. Kitsap Co., (Wash.) 32 Pac. Rep. 554, are conclusive to the effect that the rights of said Ezra Hatch and Josephine as to property acquired during the time of their cohabitation together prior to their marriage were not affected by the community property law of this state. The declaration in the will of Ezra Hatch to the effect that his estate consisted of one-half the community property owned by himself and wife can only be regarded as an expression of his opinion, and cannot have the effect to convert his separate property into community property, nor operate as a devise to Josephine of one-half of his property in addition to the bequest of five dollars which he made to her; nor can the interests of his children as residuary devisees be diminished by construing the will according to the intention of the testator, as shown by parol evidence.

It is my opinion that, by said will, the complainants each took an undivided one-fifth of the land described in their bill of com-

plaint; that they have not been divested of their title; and that they are now entitled to have a decree declaring and establishing their title to the extent indicated, and to recover costs.

Decree accordingly.