**PHILLIPS v. CURRIE.**

No. 2913.

Court of Civil Appeals of Texas. Eastland.
Feb. 1, 1952.

Rehearing Denied Feb. 22, 1952.

Cunningham & Cunningham, Big Spring, for appellant.

Morrison & Morrison, Big Spring, for appellee.

GRISSOM, Chief Justice.

T. S. Currie, as executor of the estate of Mrs. M. L. Phillips, deceased, and as trustee of a part of said estate, sued John J. Phillips and others to obtain a construction of the will of Mrs. Phillips. Judgment was rendered construing the will in accord with Currie's contentions. John J. Phillips has appealed from that portion of the judgment that determined that he did not own all the minerals in excess of one-half of that formerly owned by Mrs. Phillips in a certain section in Glasscock County.

The following are the material parts of Mrs. Phillips' will. The first paragraph contained a list of the property owned by her. It contained a description of many tracts of land, including Section 25, Block 33, Township 2–S, T. & P. Ry. Co. Survey in Glasscock County, Texas. Item Fifth was: "The Sec. 25, to John Phillips, brother of my late husband." Item Twelfth was:

"The bequests are absolute, in each instance, vestiture to inure to and be perpetuated through heirs, or successors, and assigns.

"I own only One Half minerals or mineral rights, or equities in the minerals in the Glasscock County lands, and I reserve that for other bequests, so that devise of those lands, in each instance, is exclusive of and not inclusive of such minerals, mineral rights or royalties in minerals.

"Item Thirteenth:

"One Half Interest, undivided, in all oil, gas and other minerals, mineral rights and royalties in minerals in, under, upon and that may be produced from the Five Sections and fractional sections of land in Glasscock County (part of Section 14 in said Glasscock County, and part in Howard

County) for benefits, purpose and uses, as Follows:"

There followed directions for the payment of the salary of a missionary; monthly payments to certain churches and the remainder to certain educational and eleemosynary institutions.

In paragraph 16, Mr. Currie was appointed executor and trustee.

The only evidence introduced was Mrs. Phillips' will and a deed to Mr. Phillips conveying the East one-half and the Northwest one-fourth of said Section 25 in Glasscock County, which deed contained the following exceptions: "Grantor reserving to and for herself, her heirs and assigns a One Sixteenth (1/16) interest, undivided, as royalty from all petroleum oil and gas, when, as and if discovered and produced from the said land, and also an undivided one half (1/2) of any royalty which grantee, her heirs or assigns may receive from the development of any other mineral on said land other than petroleum and/or gas under any contract by grantee, herein, her heirs or assigns."

The parties agree that Mrs. Phillips owned more than one-half of the minerals in said Section 25 in Glasscock County. See Schlittler v. Smith, 128 Tex. 628, 101 S.W.2d 543. Appellant contends that under the devise to him of said Section he acquired all the minerals in said section owned by Mrs. Phillips that were not clearly excepted from said devise by later provisions of the will. Appellee contends that, in the capacities stated, he acquired all the minerals Mrs. Phillips owned in said Section; that Mrs. Phillips was mistaken in the amount of minerals she owned in said section and intended for him to receive all of the minerals she owned therein.

■ By the fifth paragraph, Mrs. Phillips devised Section 25 to John Phillips. In the first paragraph of Item Twelfth, she provided that such devises were absolute and that vestiture of the items previously devised were to inure and be perpetuated through heirs, successors and assigns. She thereby devised to Phillips all of her interest in said section which was not clearly

shown by later provision in the will to have been excepted from such devise.

"Where a paragraph of the will expresses a gift in absolute terms, the taker will be held to have been vested with the fee unless another paragraph clearly discloses an intention on the part of the testator to limit the estate thus devised." 44 Tex.Jur., page 828.

In Winston v. Griffith, Tex.Civ.App., 108 S.W.2d 745, 749, affirmed 133 Tex. 348, 128 S.W.2d 25, the court quoted with approval from 28 R.C.L., Sec. 206, as follows: "But an express bequest or devise cannot be cut down by a subsequent clause of doubtful meaning and an estate granted in plain and unequivocal language in one clause of a will therefore cannot be lessened or cut down by a subsequent clause, unless the language therein is as clear, plain and unequivocal as that in the first grant."

It further quoted with approval from Shouler on Wills, (6th Ed.) 1926, Supp. Par. 900, the following: "And in carrying out the intent of the testator, the general rule is that when an interest is clearly and expressly given in one clause of a will, the devise or bequest will not be deemed taken away or diminished by subsequent words unless they are equally clear and decisive of the testator's intention. The theory is that where a testator positively makes a certain devise or bequest there can be no intent in his mind to take it away or cut it down."

In Gilliam v. Mahon, Tex.Com.App., 231 S.W. 712, 713, the Commission of Appeals said: "Where the first clause of a will in clear, unambiguous language gives and bequeaths to one devisee all the property real and personal of which the testator dies possessed, such estate so given cannot be disturbed, cut down, or diminished by a subsequent clause, which is uncertain and ambiguous in its meaning."

Said court held that where a prior clause in a will devised certain realty in fee, such devise could not, by a later clause, be cut down or diminished, unless such subsequent clause was clear, direct and unambiguous, and left no doubt as to the inten-

tion and desire of the testator. See Cartwright v. Trueblood, 90 Tex. 535, 39 S.W. 930.

■ Under the rules governing construction of wills, the largest estate the language is capable of conveying must be accepted over that of a lesser estate, unless an intention to the contrary is clearly shown. McDowell v. Harris, Tex.Civ.App., 107 S.W.2d 647, 649 (Writ Dis.). Since the first part of the will devised to Phillips the fee simple estate in Section 25 and only one-half of the minerals is thereafter clearly excepted, Phillips should be held to be the owner of the minerals in excess of one half. Frame v. Whitaker, 120 Tex. 53, 36 S.W.2d 149, 151; Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160, 1163. Mrs. Phillips having devised Section 25 to John J. Phillips and having expressly provided that such devise was absolute, or in other words, one in fee simple, such devise of the fee simple title could not thereafter be lessened or reduced except by equally clear later provisions of her will subtracting something from such estate and only that part definitely and clearly intended to be taken from such devise should be deducted. Darragh v. Barmore, Tex.Com.App., 242 S.W. 714, 716. The only interest definitely excepted from said gift to Phillips is one-half of the minerals. Regardless of the fact that Mrs. Phillips believed that she owned only one-half of the minerals in said section, she first devised all that she had in said section to Phillips and thereafter excepted from said devise only one-half of the minerals. See Shouler, Wills (6th Ed.) 1926 Supp. Par. 1188.

In Gay v. City of Fort Worth, Tex.Civ. App., 4 S.W.2d 268, 271 (Writ Dis.), it was held that where an express estate is created by an instrument it cannot be implied that a different estate was intended. The court quoted from authorities to the effect that gifts by implication are not favored, cannot rest on conjecture and the implication must result from the wording of the will and be so necessary as to leave no hesitation in the mind, and permit no inferences to the contrary.

■ Devises by implication are not favored. Paragraph thirteen contains the only provision devising the minerals in the Glasscock County land to Currie. But its clear and unambiguous terms she thereby devised to Currie only a one-half interest in the minerals in the Glasscock County land. The language of Judge Wheeler in Philleo v. Holliday, 24 Tex. 38, 43, and the quotation on page 44 are directly in point and dispose of any contention that Currie is entitled to more than one-half of the minerals.

■ Mrs. Phillips having previously devised the fee simple title to Section 25 to John Phillips, the fact that she erroneously recited in Item Twelfth that she did not own the minerals in excess of one-half, did not constitute a devise by implication to Currie. 3 L.R.A.,N.S., 646, Note; 1 Jarman, Wills (6th Ed.) 525; Underhill, Wills, Sec. 475; Hatch v. Ferguson, C.C., 57 F. 966, 971. Mrs. Phillips followed this recital (of her erroneous legal conclusion of the result of the exception in the deed to her of three-fourths of section 25) by a clear and unambiguous devise of one-half only of the minerals to Currie. It definitely identifies the subject matter of the devise to Currie as only one-half of the minerals. See Davis v. Douglas, Tex.Com. App., 15 S.W.2d 232, 234.

We conclude that by the plain, unambiguous provisions of her will, Mrs. Phillips devised to John J. Phillips all of Section 25; that she thereafter excepted therefrom only one-half of the minerals, and, further, that she devised to Currie only one-half of the minerals. It follows that the judgment of the trial court, insofar as it construed the will to devise the minerals in Section 25 in excess of one-half to Currie, instead of Phillips, must be reversed and judgment rendered for Phillips. In all other respects, the judgment is undisturbed.

Reversed and rendered in part and affirmed in part.