Joe O. YOUNG, Appellant,

v.

Carl GRIFFIN, Independent Executor,
et al., Appellees.

No. 6893.

Court of Civil Appeals of Texas.

Texarkana.

June 29, 1956.

Rehearing Denied July 19, 1956.

Hardy Moore, Peyton A. Ellison, Paris, for appellant.

Fisher, McLaughlin & Harrison, O. B. Fisher, Aiken & Townsend, Paris, for appellees.

DAVIS, Justice.

William Presley Young, hereinafter referred to as Mr. Young, made and executed his holographic will on May 22, 1931, which reads as follows:

"Blossom Tex May 22d 1931

"I William Presley Young of Blossom Lamar County Texas. being aware of the uncertainty of life, do make and declare this to be my last will and testament. to. Wit: All My Money in The Banks. all the Notes and Bonds and the money I have in the Post Office. and all other property I own. I bequeath to my Wife Mattie. D. Young. and it is my desire at her death all the property belonging to She and I at my death, be equaly divided between my Brothers and Sisters that may be living at that time. and her heirs. as she may elect. And I appoint as my executor of this my last will and testament My Wife Mattie. D. Young. Without Bond.

"in Witness Whereof I W. P. Young to this my last will and testament have hereunto Set my hand this twenty-Second day of May Nineteen hundred and thirty one.

"William. Presley. Young."

We are unable to tell from the photostatic copy of the will which appears in the record whether some of the punctuation is periods or commas. We have copied it as it appears to us. But this is of little importance. Maxey v. Queen, Tex.Civ.App., 206 S.W.2d 114, error ref., N.R.E.

Mr. Young died January 31, 1939, and the will was duly admitted to probate in Lamar County, Texas, on February 20, 1939. Subsequent to the date the will was admitted to probate, Mrs. Young, his wife, took possession of all the property of which Mr. Young died seized and possessed.

Mrs. Young made and executed her will on the —— day of May, 1951. She devised all the property of which she died seized and possessed to persons other than only a surviving brother of Mr. Young. She died February 19, 1954. Her will was duly admitted to probate on March 8, 1954. Mrs. Young appointed Carl Griffin independent executor of her will, without bond. Mr. Griffin took possession of the property of Mrs. Young and proceeded to disburse the same according to the terms of the will.

Joe O. Young, the sole surviving brother of Mr. Young (no sister survived him), filed suit for one-half of all the property Mrs. Young had on hand at the time of her death, relying upon the terms and provisions of the will of Mr. Young. Trial was to the court, without a jury, who found and concluded that it was the intention of testator, Mr. Young, to invest in his wife absolute title to all property belonging to him at his death, free of any enforcible interest or title to all others, and that his will did so vest title in Mrs. Young, subject only to debts owing by him at his death and valid claims against his estate. Judgment was rendered by the trial court that Joe O. Young take nothing, hence the appeal.

Appellant brings forward two abstract statements designated as points of error, which read as follows:

"First Point: Under the will in question Mrs. Young took an estate for life, and the appellant as the testator's only surviving brother or sister is the owner of the estate in remainder.

"Second Point: The property inventoried in Mrs. Young's estate exceeding in value Mr. Young's interest in the community estate at the time of his death, the presumption will be indulged, there being no evidence to the contrary, that this was the same property on hand at the time of Mr. Young's death, or its product."

We do not think the statements constitute points of error; although, they are not challenged by appellees. In their argument, both appellant and appellees contend that the issue before the trial court and this Court is the construction of the will of Mr. Young as to whether or not the will conveyed an absolute title of all Mr. Young's property to Mrs. Young; or, whether or not it conveyed an estate for life to Mrs. Young with remainder to the surviving brothers and sisters of Mr. Young at the time of the death of Mrs. Young.

The first sentence or phrase of the will down to and including the words "to Wit" definitely declare that Mr. Young intended the instrument to be his will. The next phrase or sentence "all My Money in the Banks. all the Notes and Bonds and the Money I have in the Post Office. and all other Property I own. I bequeath to My Wife Mattie D. Young," clearly indicate an intention to give an absolute title to Mrs. Young of all such property.

Next, we must construe the balance of the will in harmony with the part quoted above, and, if possible, give effect thereto. This rule is subordinate to the rule that a devise shall be deemed a fee simple unless limited by express words.

Winfree v. Winfree, Tex.Civ.App., 139 S. W. 36, error ref. "In construing a will, the largest estate the language is capable of conveying must be accepted over.. that of a lesser estate, unless an intention to the contrary is clearly shown." Phillips v. Currie, Tex.Civ.App., 246 S.W.2d 257, no writ history; 44 Tex.Jur., 738–739, Sec. 173; Wykes v. Wykes, Tex.Civ.App., 174 S.W.2d 333, error ref. We will, therefore, discuss each sentence or phrase to determine whether or not the first quoted phrase or sentence conveyed an absolute title to Mrs. Young. In the next phrase or sentence "and it is My desire at her death all the property belonging to She and I at My death," we must determine whether or not the word "desire" as used is mandatory or precatory and in doing so we must construe that word in connection with all the remaining parts of said will. We have concluded that the word "desire" is precatory, because we can not say that he intended the use of the word "desire" to be anything other than the expression of a wish because he used it in connection with all of the property of both himself and his wife at the time of his death. If he had used it in connection with his property only, and based upon the part of his property only that remained on hand at the date of the death of Mrs. Young, then, and in that event, we think the courts have held that the word "desire" when so used, is mandatory. Arrington v. McDaniel, Tex.Com.App., 14 S.W.2d 1009; Langehennig v. Hohmann, Tex.Com.App., 139 Tex. 452, 163 S.W.2d 402; Heinzman v. Coon, Tex., 290 S.W.2d 219.

■ It is a well-settled rule of law that life estates in personal property are not favored, 31 C.J.S., Estates, § 133, p. 151. Most of the property of the estate of Mr. Young was personal property.

We especially call attention to the fact that not only did he include "all" the property belonging to "She and I," he fixed the time "at my death." The inclusion of the property of his wife and fixing the time at his death, is both illegal and repugnant to the positive provision of the first phrase or sentence. Then, the next phrase "be equally divided between My Brothers and Sisters that may be living at that time. and her heirs. as She may elect," though argued by appellant to mean the property on hand at the time of the death of Mrs. Young, instead, means at the time of the death of Mr. Young.

It is impossible to determine what he meant by dividing the property "equally" between his brothers and sisters and her heirs "as she may elect." One cannot tell whether he wanted his half of the community divided "equally" between his surviving brothers and sisters and the heirs of his wife; or, whether he wanted all of the property belonging to both him and his wife at his death divided "equally" among them. If he intended to include his wife's property, he had no legal right to do so. If he intended that she have any right of election ("as she may elect"), it would mean that it would not be mandatory that she divide the property equally in either instance.

■ All the authorities relied upon by appellant can be readily distinguished from the case at bar, because in each authority relied upon by him, the time fixed for the beginning of the remainder of the estate was at the death of the devisee and involved only the remainder of the testator's estate at the time of the death of the devisee. We hold that the last part of the will of the testator expresses only his wish as held by him at the time and which was never changed during his lifetime so far as this record reveals. We conclude that the will of Mr. Young conveyed absolute title of all the property to be owned at his death to Mrs. Young.

Finding no error in the record, the judgment of the trial court is affirmed.