Walter WENZEL et al., Appellants,

v.

Susie MENCHACA, a minor, et al.,
Appellees.

No. 5508.

Court of Civil Appeals of Texas.
Eighth District.

Feb. 7, 1962.

Rehearing Denied Feb. 28, 1962.

was the surviving husband of Adolphine Menchaca.

On June 16, 1937, Christ and Adolphine Menchaca, as husband and wife, executed a joint will. The wife (Adolphine) was the first to die, and thereafter the joint will was duly admitted to probate in the County Court of Kendall County, on April 28, 1943, as the last will of the said Adolphine Menchaca.

Appellants alleged that the joint will of Adolphine and Christ Menchaca devised and bequeathed to the survivor of them a life estate only, in the lands in controversy, with the power of the survivor to dispose of such properties so inherited by sale, and that they each died intestate as to the remainder. Appellants also contend that appellees acquired no title to the land by virtue of the deeds from Christ Menchaca to them because such conveyances were, at best, deeds of gift, and did not constitute a "sale" of such property within the meaning of the will. The latter contention, however, is not before this court, since it was not urged or raised as a point of error on this appeal.

Christ Menchaca, the surviving husband of Adolphine, died during the year 1957, after having first conveyed the lands here involved to appellees.

No children were born of the marriage between Christ and Adolphine. Further, the parties are in agreement that all the lands in controversy were owned by Adolphine Menchaca at the time of her death, in fee simple, and as her separate property. It is also agreed that the interest of Christ Menchaca in such lands (and thus, the interest of the appellees in these lands as grantees of Christ Menchaca) arose solely under and by virtue of the joint will.

Appellees filed a motion for summary judgment, attaching thereto (among other papers) a certified copy of the joint will. Appellees contended in such motion that an estate in fee simple, to all the property, real and personal, of the decedent Adolphine

Burkett & Petsch, L. W. Pollard, Kerrville, for appellants.

Gordon L. Hollon, M. A. Shumard, M. J. Lehmann, Boerne, George H. Spencer, San Antonio, for appellees.

LANGDON, Chief Justice.

This is an appeal from a summary judgment in a will case. Appellants were plaintiffs below and brought suit for title and possession of certain lands in Kendall County, Texas. Appellants claim title to the land by virtue of being the heirs at law of Adolphine Menchaca, deceased. Appellees, defendants in the trial court, have possession of the land and claim title to the land by virtue of being the grantees of one Christ Menchaca (also deceased), who

Menchaca, was devised to her surviving husband, Christ Menchaca, as a matter of law. Appellants answered appellees' motion and denied that the will passed a fee simple estate to Christ, the surviving husband of Adolphine. They contended that the terms and conditions of the will clearly granted only a life estate to Christ Menchaca, and that the testatrix, Adolphine, died intestate as to the remainder. In their concluding prayer, appellants asked that the court so construe the will; that appellees' motion for summary judgment be denied, and that plaintiffs (appellants) be granted a summary judgment construing the will of the said Adolphine Menchaca, deceased, to the effect that Christ Menchaca took only a life estate under the terms of the will, and that the said Adolphine Menchaca died intestate as to the remainder.

The trial court granted appellees' motion for summary judgment, and entered a "take nothing" judgment against appellants.

Appellants have brought six points of error, all of which are grounded upon the single contention that the trial court erred in concluding that the testamentary intent of Adolphine and Christ Menchaca, as expressed in their will, was to bequeath to the survivor of them a fee simple estate.

The will is short; and omitting only the signatures and declaration of the attesting witnesses thereto, is as follows:

"WILL AND TESTAMENT

"THE STATE OF TEXAS }
COUNTY OF KENDALL }

Know all men by these presents: "That we Christ. Menchaca and Adolphine Menchaca husband and wife of Kendall County, State of Texas, being of sound and disposing mind and memory, and being desirous of settling our worldly affairs, while we have strength to do so, and not acting by reason of duress, menace, or any other undue influence of any character whatsoever, and it being our intention and purpose to dispose of all the property, real, personal and mixed which we and each of us, own at the time of our death, we having heretofore mutually agreed between ourselves, for a good and valuable and sufficient consideration moving from one to the other, to make a joint will, and in pursuance of such agreement, do hereby make, publish and declare this to be our joint last will and testament, hereby revoking all former wills at any time heretofore made by us, or either one of us.

"We give, devise and bequeath all our property, both real and personal of every kind which we may own at our death as follows:

"1st. That subject to the payment of all just debts and funeral expenses of each of us, we each will, bequeath and devise to the other surviving spouse all the property, real, personal or mixed of which we or either of us shall die seized, with further full power of disposition by sale by the surviving spouse, for and during the life of said surviving spouse.

"We appoint and direct that Peter Ingenhuet of Comfort, Kendall County, Texas, be and shall be the sole executor of this our last will and testament, and also direct that no bond or security be required of or from our executor, and that no action be had in the County Court under this will other than the filing of an inventory and appraisement and list of claims as required by law.

"In testimony we have hereunto set our hands, at Sisterdale, Texas, this the 16th day of June A.D. 1937.

"Christ Menchaca
Adolphine Menchaca"

Appellants are the collateral heirs of Adolphine Menchaca, but are not mentioned by either name or class in her will. They contend that the will is unambiguous; that the testatrix clearly intended to leave her husband, Christ Menchaca, only a life estate in her property, with power of sale; that the disposition of the remainder was omitted from the will, rendering such will incomplete, but not ambiguous; that a partial intestacy resulted, and that appellants are therefore entitled to the remainder of such

estate as the heirs at law of the said Adolphine Menchaca, deceased.

In construing a will, the intent of the testator controls over all other considerations. While it is true that effect must be given to every part of a will where possible, this does not mean that a piecemeal construction of detached and isolated portions of the will is either required or proper. In other words, the intention of the testator is to be discovered from reading and considering the entire will, and should be construed, if possible, so as to render the instrument and all of its provisions consistent and harmonious. A particular clause or paragraph should be given a construction which makes it consistent with the will as a whole, and harmonizes it with the other terms of the instrument. 44 Tex.Jur. 684–686, 711–712.

There is a positive presumption against intestacy. Where a will is ambiguous or is open to two reasonable constructions, it will be given that construction which will prevent intestacy. The mere fact that the testatrix made a will at all is evidence of an intent not to die intestate. Urban v. Fossati, 266 S.W.2d 397 (Civ. App.); Ferguson v. Ferguson, 121 Tex. 119, 45 S.W.2d 1096, 79 A.L.R. 1163.

We do not believe it necessary to indulge any presumptions to discover the intent of the parties to the joint will now before us. In plain and unequivocal language, the intent and purpose of the testators is declared, as follows:

"* * * it being our intention and purpose to dispose of all the property, real, personal and mixed which we and each of us own at the time of our death * * *."

They declared that they had mutually agreed to make a joint will "for a good and valuable consideration moving from one to the other * * *". The "surviving spouse" is the only named beneficiary, and the will itself contains no hint or suggestion that the parties expected, or intended, that anyone should be benefited by the terms of their joint will except the survivor of them. The numerous appellants, representing the collateral kin of the testatrix, are not mentioned in the will by either name or class, and would be entitled to share in the lands involved here only if the will be construed to have passed less than a fee. simple estate in such lands to the survivor.

The law favors the vesting of estates, and it is the duty of a court to so construe a will where the language of the will is susceptible to such construction. Under the statute (Article 1291, Vernon's Annotated Texas Civil Statutes), every estate in lands granted, conveyed or devised to one "* * *. shall be deemed a fee simple, if a less estate be not limited by express words or do not appear to have been granted, conveyed or devised by construction or operation of law."

The parties to the joint will, having first declared that it was their intention and purpose to dispose of all of their property, then proceeded to do so in the following language:

"We give, devise and bequeath all our property, both real and personal of every kind which we may own at our death as follows:

"1st. That subject to the payment of all just debts and funeral expenses of each of us, we each will, bequeath and devise to the other surviving spouse all the property, real, personal or mixed of which we or either of us shall die seized * * *."

The foregoing language, in clear and express terms, is an absolute devise, and passes the fee title to such property to the surviving spouse, unless the estate is limited to a lesser estate by the following language:

"* * * with further full power of disposition by sale by the surviving spouse, for and during the life of said surviving spouse."

or, by construction or operation of law it be made to appear that an estate less than the fee simple was granted, conveyed or devised.

 Before it can be held that the language quoted last above limited or reduced the absolute fee estate first devised, the intention of the testatrix that it should have such effect must clearly appear. Darragh v. Barmore, 242 S.W. 714 (Com. App., 1922); Young v. Griffin, 292 S.W. 2d 376 (Civ.App.).

 There is no indication that the parties intended to limit or reduce the estate first granted. On the contrary, it appears that there was an intent to enlarge, if possible, the fee estate already devised by conferring *"further full power* of disposition by sale" upon the surviving spouse. We consider that such language neither added to nor detracted from the fee estate first granted. It is, at best, an ambiguous appendage of uncertain meaning, and in such case it has long been the rule in Texas that whenever an estate in land is devised (although words necessary at common law to transfer an estate in fee simple be not added), it shall be deemed a fee simple estate, unless expressly limited to a lesser estate. Language which does not clearly limit or reduce the fee estate deemed to have been devised, and which at best is uncertain and ambiguous in its meaning, cannot serve to disturb, cut down or diminish a fee simple estate otherwise clearly devised.

The court noted, in Young v. Griffin, supra, "it is a well-settled rule of law that life estates in personal property are not favored, 31 C.J.S., Estates, § 133, p. 151." In the instant case, the Menchacas' will disposes of both real and personal property in the same clause, but appellants have made no claim to, nor have they sued for, the personal property, although it is obvious that if a life estate was intended for the real property, it was also intended for the personal property.

 The fact that real estate is included in the same clause with an absolute estate in personal property indicates an intention to devise a fee in the real estate.

The fact that real and personal property are given together by the same clause, and in the same language and connection, has been held of great moment, if not conclusive, as passing a fee.

We believe the rules and cases cited and discussed above have application to the problems presented by this case and must govern its disposition.

Appellants' points, and each of them, are accordingly overruled, and the judgment of the trial court is affirmed.